MARTIN F. TIERNAN, TRUSTEE, MARTIN F. TIERNAN TRUST FOR MARTIN T., CHARLES W., JOHN W., ANN C. AND MARY E. TIERNAN, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 83167, 83169, 83171, 83173, 83175, 83177, 84276, 84277, 84278, 84279, 84291, 84292, 84293, 84294.

Promulgated June 14, 1938.

---

[1] Proceedings of the following petitioners are consolidated herewith: Purcell C. Tiernan and Martin F. Tiernan, Trustees, Martin F. Tiernan Trust for Martin T., Charles W., John W., Ann C. and Mary E. Tiernan; Fidelity Union Trust Company, Trustee, Purcell C. Tiernan Trust for Martin T., Charles W., John W., Ann C. and Mary E. Tiernan; Charles F. Wallace, Trustee, Charles F. Wallace Trust for Jane M., Barbara S. and Elizabeth G. Wallace; Florence M. Wallace and Charles F. Wallace, Trustees, Charles F. Wallace Trust for Jane M., Barbara S. and Elizabeth G. Wallace; Fidelity Union Trust Company, Trustee, Florence M. Wallace Trust for Jane M., Barbara S and Elizabeth G. Wallace; Martin F. Tiernan; Florence M. Wallace; Charles F. Wallace; Purcell C. Tiernan.

Henry P. Molloy, Esq., and Melville J. France, Esq., for the petitioners.

Frank M. Thompson, Jr., Esq., and Jesse F. Gregory, Esq., for the respondent.

1054

OPINION.

STERNHAGEN : All fourteen of these proceedings arise from several methods used by the Commissioner in taxing the income of the six trusts described in the findings. No argument has been made in behalf of the Commissioner, either orally or by written brief, attempting to support any of the determinations made. In eight of the proceedings the individual grantors of the trusts assail for each year, 1932 and 1933, the Commissioner's treatment of the trust incomes as if they were individually their own and taxable to them. In the remaining six proceedings the trustees assail the Commissioner's determination that each trust instrument sets up a single trust the income of which is taxable as a single lump sum instead of separate trusts for the several beneficiaries the incomes of which are taxable separately.

■ Although the four trusts established by Tiernan and by Wallace were for the benefit of their children in one case and of their children and wives in another, there was no power of revocation and no provision whereby under any circumstances either the corpus or the income could be revested in the grantor, hence there is no foundation for the application of section 166 or 167, Revenue Act of 1932. There is in each trust instrument a provision under which the trustee may in his discretion use the income for the education and support of the grantor's child, but it appears that in fact no such use was made of the income and that in fact the grantor was not relieved of any parental duty or obligation to maintain a child. The income was in fact accumulated and invested by the trustee. The wives in the taxable years in question actually received nothing from the trustees either by way of maintenance or otherwise. Thus the circumstances in evidence take the case entirely outside the scope of *Douglas* v. *Willcuts*, 296 U. S. 1, and similar cases,[1] and bring it within *E. E. Black*, 36 B. T. A. 346, holding that the income of the trust is not under such circumstances taxable to the grantor.

■ In the four proceedings of the two wives, Purcell C. Tiernan and Florence M. Wallace, there is in addition to the reasons supporting the contentions of the husbands, the added reason that under New Jersey law, which governs the two families in question, there is no duty of a

_____
[1] *Helvering* v. *Stokes*, 296 U. S. 551; *Helvering* v. *Blumenthal*, 296 U. S. 552; *Helvering* v. *Schweitzer*, 296 U. S. 551; *Helvering* v. *Cowey*, 297 U. S. 694.

mother to support a child during the life of the father.[2] The Commissioner's determination as to the wives is likewise reversed. *Commissioner* v. *Yeiser*, 75 Fed. (2d) 956; *Franklin Miller Handly*, 30 B. T. A. 1271; cf. *J. H. Anderson*, 30 B. T. A. 1275.

■ There is in each of the trust instruments language which unmistakably indicates that a separate trust was intended to be and was actually set up for each child beneficiary. In section 2 and subsection 2 (a) appear words, "to hold one of said parts in trust for each of the five children"; "which several five trusts shall be known by the names of the said five children"; "the principal of each of the said trusts", etc. In conformity with this clear language, each trustee was careful to keep the principal and the income which he held for each child in an account separate from all the rest. Thus the situation is entirely similar to that in *United States Trust Co. of New York* v. *Commissioner*, 296 U. S. 481, in which the Supreme Court held that separate trusts were to be recognized for the several beneficiaries and the income of each separately computed and taxed. Upon this authority the Commissioner is held to have erred in determining the deficiencies of the trustees as if there were but six trusts, one under each instrument.

It results, from the authorities cited, that upon all the issues raised the petitioners' contentions are sustained and the Commissioner's determinations are reversed.

*Judgments will be entered under Rule 50.*

---

[2] *In re Ganey*, 93 N. J. Eq. 389; 116 Atl. 19; affd., 94 N. J. Eq. 502, 119 Atl. 925; *In re Rogers' Estate*, 96 N. J. Eq. 6; 125 Atl. 318; *Alling* v. *Alling*, 52 N. J. Eq. 92; 27 Atl. 655; *Rennie* v. *Rennie*, 85 N. J. Eq. 1; 95 Atl. 571; *Wright* v. *Leupp*, 70 N. J. Eq. 130; 6 Atl. 464.