CLAYTON G. DIXON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88278.   Promulgated March 7, 1939.

*William R. Spofford, Esq.*, for the petitioner.
*Elmer L. Corbin, Esq.*, for the respondent.

#### OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency in income tax for 1934 in the amount of $1,100.53. The allegation of error stated in the petition is that: .

Respondent erred in determining that petitioner received additional income in the amount of $4,986.95, said amount having been paid to petitioner's former wife by the Girard Trust Company, Trustee, under an irrevocable deed of trust.

This case was submitted upon a stipulation of facts entered into by the parties, which we adopt as our findings of fact, together with the exhibits incorporated therein.

The petitioner is an individual, residing at Rydal, Pennsylvania, who filed his income tax return for 1934 with the collector at Philadelphia. On October 1, 1921, the petitioner, his then wife, Estelle Willoughby Dixon, and the Girard Trust Co. entered into an agreement, which was supplemented on August 14, 1931. The agreement of October 1, 1921, provided in part as follows:

WHEREAS differences have arisen between the party of the first part and the party of the second part, his wife, by reason of which they are now living apart, and

WHEREAS, the party of the first part, in recognition of his legal liability to support his wife, and pursuant to her demand, has agreed to make provision for her support.

The agreement then recites that the party of the first part has turned over to the Girard Trust Co. certain property and then provides:

3. All of the above interests, securities, moneys, etc., shall be held by Girard Trust Company as Trustee, upon the following terms:

To pay to the party of the second part, as long as she shall live, a sum sufficient to pay all taxes of every kind and which shall net her $8,000.00 per annum, in quarterly payments, without deduction of any kind whatever, provided, however, that if the said party of the second part should marry, the net amount thereafter payable to her shall be not net $8,000.00 but shall be a sum which

after payment of all taxes, shall net her the sum of $5,000 per annum, payable in quarterly payments, *without deduction of any kind whatever.* These payments shall be made to the party of the second part without liability for her debts, contracts or engagements and without power of alienation by assignment, transfer or anticipation.

\*     \*     \*     \*     \*     \*     \*

6. The income derived from the property so to be held in trust from any sources, in excess of the amounts payable to the party of the second part, together with amounts payable by the Trustee for necessary expense and commissions, shall be paid to the party of the first part, free from liability for his debts, contracts or engagements and without power of alienation by assignment, transfer or anticipation.

7. On the death of the party of the second part, the principal of the trust created by this Agreement, shall revert to the party of the first part and become part of his estate.

\*     \*     \*     \*     \*     \*     \*

10. In consideration of the foregoing provision in her behalf, the party of the second part hereby releases the party of the first part from any claim which she now has or may hereafter have by way of dower or under the intestate laws of the State of Pennsylvania, or any other state, or any right to take against his Will. The party of the first part hereby releases the party of the second part from any claim which he now has or may hereafter have by way of curtesy or under the intestate laws of the State of Pennsylvania or any other State, or any right to take against her Will.

\*     \*     \*     \*     \*     \*     \*

12. It is agreed between the parties of the first and second parts that nothing herein contained shall prevent either of them from bringing, maintaining or prosecuting to final conclusion, any suit or suits for divorce founded on proper and truthful grounds. Nothing herein contained shall prevent either of the parties from defending such suit or suits. It is agreed that, in the event of a divorce being granted, all of the terms, undertakings and agreements herein contained shall remain binding upon all of the parties hereto.

The modification of the original agreement of October 1, 1921, made on August 14, 1931, is not material to this proceeding.

On October 21, 1921, Estelle Willoughby Dixon instituted an action of divorce against the petitioner in the Court of Common Pleas No. 2 of Philadelphia County, Pennsylvania, and on December 19, 1921, that court granted her an absolute divorce from the petitioner, pursuant to the laws of the Commonwealth of Pennsylvania.

Estelle Willoughby Dixon was not insane at the time the divorce was granted. On or about January 28, 1924, she was married to Cuyler Campbell Supplee, 2nd. Thereafter, in 1926, she obtained a divorce from Supplee, and in 1927 was married to Boris De Bakhtiar.

During 1934 the income distributable to petitioner's former wife, Estelle Willoughby De Bakhtiar, by the Girard Trust Co., trustee, pursuant to the terms of the agreement of October 1, 1921, as modified by the supplemental agreement of August 14, 1931, amounted to $4,986.95. The petitioner did not include in his income tax return for 1934 any part of the $4,986.95 in question. In the determination of

the deficiency the respondent has included this amount in the petitioner's taxable income.

The petitioner alleges that he is not taxable upon the income of the trust fund which was paid to his former wife during 1934. He contends that he was under no legal obligation to support his wife after she had obtained a divorce from him on December 19, 1921. This contention is correct. See *Henry Oliver Rea*, 35 B. T. A. 1132; *Robert Glendinning et al., Executors*, 36 B. T. A. 486. It is the petitioner's contention, therefore, that his former wife, now Estelle Willoughby De Bakhtiar, is liable to tax upon the $4,986.95 in question and that he is not liable to tax upon the amount.

The respondent, on the other hand, contends that this case is ruled by the opinion of the Board in *Robert Glendinning et al., Executors, supra;* affd. (C. C. A., 3d Cir.), 97 Fed. (2d) 51. The facts in the *Glendinning* case were that some time prior to 1918 Glendinning's then wife obtained a support order from the Municipal Court of Philadelphia. In 1918 she instituted divorce proceedings against her husband. On October 5, 1918, the husband created an irrevocable trust providing that the income therefrom should be payable to his wife for life. On November 18, 1918, the Court of Common Pleas of Philadelphia granted an absolute divorce to the wife. In 1919 the support order in the Municipal Court was vacated on petition of the wife, which recited the divorce and the trust agreement. The Board held, upon the authority of *Douglas* v. *Willcuts*, 296 U. S. 1, that the husband was taxable upon the income of the trust paid to the wife. In affirming the decision of the Board, the Circuit Court of Appeals said:

> The ruling is based on a very narrow ground. If the trust fund was a gift of its creator, the income derived therefrom is the income of the donees, not of the donor. If the trust was the payment of a debt of the creator the income is taxable to him as his income paid to his divorced wife. Under the law of Pennsylvania this taxpayer was under no legal obligation to pay his divorced wife anything by way of alimony or otherwise. The law however permits and upholds an agreement by the husband to pay. There is then an obligation, not imposed by law but self imposed, to pay. The Board held that the trust agreement created the obligation to pay. The question before us is thus reduced to that of whether any obligation to pay after divorce is found in the trust agreement. The trust created is expressly stated to be a substitute for the support order which was to be thereby superseded. The agreement was to pay to the wife "for and during her natural life" her portion of the net income and was to continue in force after and notwithstanding a divorce should be granted. This was beyond the requirement of the Court order but none the less the agreement of the taxpayer. Thereafter there was an obligation to pay for life. The distinction is that the income from a gift is the income of the donee but the income from a trust fund put up to meet an obligation of the creator of the trust, is the income of the debtor. *Alsop* v. *Commissioner*, 92 F. R. (2d), 148. * * *

In his brief counsel for the petitioner states that the *Glendinning* case:

\* \* \* is distinguishable from the instant proceeding in that the trust there set up was specifically designed to take the place of the support order which the wife had from the Municipal Court of Philadelphia. In the instant proceeding the trust fund was set up primarily to release the claims of peti-- tioner's wife in his estate. This last factor makes the wife of the petitioner herein equivalent to a "donee" in the sense used in the Glendinning case in that the trust fund did not discharge the present obligation of the petitioner for support, but was set up for the purpose of releasing petitioner's former wife's future claims against his estate in the event of his death.

We do not think that the distinction sought to be made by counsel for the petitioner is substantial. In its opinion in the *Glendinning* case, 36 B. T. A. 486, the Board said: ·

It is now well settled, following the decision in *Douglas* v. *Willcuts*, 296 U. S. 1, that the income of a trust paid directly to a divorced wife is taxable to the husband who created the trust, whenever the purpose of the trust and the provision for payment of its income is to satisfy a legal obligation of the husband to support and maintain his wife, whether the satisfaction of that obligation results from the payment of alimony decreed by a competent court, or from the carrying out of a separation agreement which provides for such payments in lieu of alimony, dower, or other rights of the wife in the property of the husband. *Albert C. Whitaker*, 33 B. T. A. 865; *Helvering* v. *Brooks*, 82 Fed. (2d) 173. See also *Helvering* v. *Coxey*, 297 U. S. 694, reversing 79 Fed. (2d) 661; *Helvering* v. *Stokes*, 296 U. S. 551, reversing 79 Fed. (2d) 256.

The petitioner contends that the facts in the proceeding at bar are substantially the same as those in *Henry Oliver Rea, supra*, and that, in accordance with the opinion of the Board in that case, the Board should enter its decision in this proceeding that the petitioner is not liable for income tax in respect of the money paid by the Girard Trust Co. in 1934 to Estelle Willoughby De Bakhtiar. The Board, however, in its opinion in the *Glendinning* case differentiated the *Glendinning* case from the *Rea* case and also from numerous other cases cited by the petitioner as supporting his contention.

We think it can not be doubted that the trust fund set up by the petitioner with the Girard Trust Co. was to meet an obligation to support his wife. It is very clear that at the time the trust was set up a divorce was contemplated. In point of fact the divorce proceeding was instituted only a few days after the agreement was entered into and the trust agreement specifically provides that any divorce which may be secured shall not in any wise affect the operation of the trust agreement. Furthermore, the trust agreement provided that the only effect that the wife's remarriage should have would be a reduction in the amount of income which the trustee would pay over to her. In this case, as in the *Glendinning* case, the agreement was to pay to the wife for her life an amount of income

and the trust agreement was to continue in force after and notwithstanding a divorce should be granted.

In our opinion the proceeding at bar is ruled by the decision of the Circuit Court of Appeals for the Third Circuit in the *Glendinning* case.

*Judgment will be entered for the respondent.*