# DOUGLAS v. WILLCUTS, COLLECTOR OF INTERNAL REVENUE.

No. 1.  Argued October 14, 1935.—Decided November 11, 1935.

1

2

*Mr. Leland W. Scott,* with whom *Mr. Clark R. Fletcher* was on the brief, for petitioner.

*Assistant Attorney General Wideman,* with whom *Solicitor General Reed* and *Messrs. Sewall Key, Norman D. Keller,* and *Arnold Raum* were on the brief, for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

On September 12, 1923, petitioner, Edward B. Douglas, entered into an agreement with his wife and the Minneapolis Trust Company, by which he transferred securities in trust for his wife's benefit. Out of the income of the trust estate the trustee was to pay Mrs. Douglas annually the sum of $15,000, up to November 6, 1927, and thereafter $21,000. Deficiencies were to be made up in a prescribed manner. Excess income (in case the principal was not impaired) was to be paid to petitioner. On the death of his wife, he was to receive the property free of the trust. Petitioner reserved the right to designate securities for investment, subject, however, to the approval of the trustee acting in that respect on behalf of Mrs. Douglas.

The parties stipulated that the provisions for Mrs. Douglas were "in lieu of, and in full settlement of alimony, and of any and all dower rights or statutory interests in the estate" of her husband, and "in lieu of any and all claims for separate maintenance and allowance for her support."

Three days later, Mrs. Douglas obtained a decree of absolute divorce in a district court of the State of Minnesota. The decree provided:

"It Is Further Adjudged and Decreed that the defendant provide and create the trust fund as set out in that certain agreement between said parties and the Minneapolis Trust Company as trustee now on file with said trustee, and that the plaintiff have the provision therein made in lieu of all other alimony or interest in the property or estate of the defendant and that neither party have any costs or disbursements herein."

The question in this case relates to the net income of the trust which was distributed to Mrs. Douglas in the

4

years 1927 and 1928. The Commissioner of Internal Revenue determined that these amounts were income to the petitioner. Taxes assessed accordingly were paid by petitioner under protest, claim for refund was disallowed, and this suit was brought to recover the amount paid. Judgment for petitioner was reversed by the Circuit Court of Appeals. 73 F. (2d) 130. We granted certiorari (April 8, 1935) in view of an asserted conflict with the decision of the Circuit Court of Appeals of the Seventh Circuit in the case of *Schweitzer* v. *Commissioner*, 75 F. (2d) 702, 705, 706.

Petitioner contends that the agreement created an irrevocable trust; that under the Revenue Acts petitioner and Mrs. Douglas were separate taxpayers, and that, having accepted the benefits of the trust, she was taxable upon the income she received as beneficiary. Revenue Acts, 1926, § 219; 1928, §§ 161, 162, 167; *Helvering* v. *Butterworth*, 290 U. S. 365, 369, 370. The Circuit Court of Appeals decided that the income was taxable to the petitioner, since it went to the discharge of his legal obligation; that is, the income was devoted to payments which petitioner was bound to make under the decree of the Minnesota court. 73 F. (2d) p. 133.

The authority of the district court is defined by statute. Mason's Minnesota Statutes, 1927, §§ 8601–8604. The court is empowered upon divorce for any cause, except that of the wife's adultery, to decree to the wife " such part of the personal and real estate of the husband, not exceeding in value one-third thereof, as it deems just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case." The court may also decree " such alimony out of the estate, earnings and income of the husband as it may deem just and reasonable," but " the aggregate award and allowance made to the wife from the estate of the husband " is not " to exceed in

present value one-third of the personal estate, earnings, and income of the husband, and one-third in value of his real estate." *Id.,* § 8602. The court " may appoint trustees, whenever it is deemed expedient, to receive any money ordered to be paid to the wife, upon trust to invest the same, and pay over the income for the support of the wife, or of the wife and minor children of the parties, or any of them, in such manner as the court shall direct, or to pay over to the wife the principal sum in such proportions and at such times as the court shall order." *Id.,* § 8601. After a decree " for alimony, or other allowance for the wife and children," or " for the appointment of trustees to receive and hold any property for the use of the wife or children," the court may from time to time " revise and alter " the decree, with respect to the amount " of such alimony or allowance " and also with respect to " the appropriation and payment of the principal and income of the property so held in trust, and may make any order respecting any of the said matters which it might have made in the original action." *Id.* § 8603.[1]

---

[1] The text of these provisions is as follows:

" Sec. 8601. *Trustee of alimony.*—The court may appoint trustees, whenever it is deemed expedient, to receive any money ordered to be paid to the wife, upon trust to invest the same, and pay over the income for the support of the wife, or of the wife and minor children of the parties, or any of them, in such manner as the court shall direct, or to pay over to the wife the principal sum in such proportions and at such times as the court shall order, regard being had in all such cases to the situation and circumstances of such wife, and the children if there are any, provided for in the order; and such trustees shall give such bond, as the court shall require, for the faithful performance of their trust. ·

" Sec. 8602. *Property of husband—Permanent alimony.*—Upon a divorce for any cause except that of adultery committed by the wife, if the estate and property restored or awarded to her is insufficient for the suitable support of herself and such children of the marriage as shall be committed to her care and custody, or if there is no such estate and property, the court may further order and

**6**

The Supreme Court of the State has decided that the district court in exercising this authority is not precluded by stipulations and agreements of the parties, entered into pending the action (but not void by reason of having been made to facilitate the decree of divorce), from making such provision for the wife as the court may deem appropriate. Such stipulations or agreements do not control the court. The court may adopt or reject them as it deems best in the light of the situation of the parties. When such agreements are approved, and in effect are embodied in the decree, they do not detract from the authority of the court to alter or revise its decree and the provisions made for the wife's benefit. In *Warren* v.

decree to her such part of the personal and real estate of the husband, not exceeding in value one-third thereof, as it deems just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case. The court may also, in the cases provided for in this section, decree to the wife such alimony out of the estate, earnings, and income of the husband as it may deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and other circumstances of the case, and may by its decree make the same a specific lien upon any specified parcels of his real estate, or authorize its enforcement by execution against his property, real and personal; but the aggregate award and allowance made to the wife from the estate of the husband under this section shall not in any case exceed in present value one-third of the personal estate, earnings, and income of the husband, and one-third in value of his real estate.

" Sec. 8603. *Order for alimony, etc., revised.*—After an order or decree for alimony, or other allowance for the wife and children, or either of them, or for the appointment of trustees to receive and hold any property for the use of the wife or children, the court, from time to time, on petition of either of the parties, may revise and alter such order or decree respecting the amount of such alimony or allowance, and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any order respecting any of the said matters which it might have made in the original action."

*Warren,* 116 Minn. 458; 133 N. W. 1009, the Court said (pp. 459, 460):

" It appears that the original judgment for alimony was based upon a stipulation of the parties, entered into pending the action, but not to facilitate the granting of the divorce, and plaintiff contends that the judgment so founded and entered became a contract between the parties, and is not subject to change by the court, except upon restoration of plaintiff to her position and rights before its entry. In this we are unable to concur.

" Stipulations and agreements of the kind, where not void by reason of having been entered into to facilitate a decree of divorce, become merged in the judgment when entered, and are not, in the absence of statute upon the subject, so far of a contractual nature as to preclude the court subsequently from changing and modifying the judgment, upon application of one of the parties. The court is not controlled by the stipulation, and may adopt or reject it as seems consistent and proper from the situation of the parties, as disclosed by the evidence on the trial. The fact that such stipulations are usually adopted by the court does not change the situation."

See, also, *Haskell* v. *Haskell,* 116 Minn. 10; 132 N. W. 1129; *Martinson* v. *Martinson,* 116 Minn. 128; 133 N. W. 460; *Sessions* v. *Sessions,* 178 Minn. 75; 226 N. W. 211; *Randall* v. *Randall,* 181 Minn. 18; 231 N. W. 413; *Erickson* v. *Erickson,* 181 Minn. 421; 232 N. W. 793.

As we have noted, this control over provisions for the benefit of the wife in connection with divorce applies by the express terms of the statute not only to " alimony " but also to " other allowance for the wife and children, or either of them," and to " the appointment of trustees to receive and hold any property for the use of the wife or children." See § 8603.

In the instant case, the trust agreement was made on the day that the suit for divorce was brought. The agree-

ment was manifestly made in contemplation of that suit. When the district court was shortly called upon to determine what provision should be made for the wife, the court was not bound by the trust agreement. Within the limits prescribed by the statute (and there is no suggestion that the provision here went beyond those limits) the court had full authority to make an allowance to the wife out of her husband's property and to set up a trust to give effect to that allowance. Being satisfied with the provision made by the trust agreement, the court incorporated that provision in its decree. The court did not approve the trust agreement as one deriving efficacy from the action of the parties. The court made its own requirement. The decree required the petitioner to " provide and create the trust fund." While the terms of the trust as set up in the trust agreement were approved, the court made those terms its own. It was from this action of the court that the trust derived its force.

Amounts paid to a divorced wife under a decree for alimony are not regarded as income of the wife but as paid in discharge of the general obligation to support, which is made specific by the decree. *Gould* v. *Gould,* 245 U. S. 151, 153; *Audubon* v. *Shufeldt,* 181 U. S. 575, 577. Petitioner's contention that the district court did not award alimony is not supported by the terms of the decree. It described the provision as made " in lieu of all *other* alimony or interest in the property or estate of the defendant." However designated, it was a provision for annual payments to serve the purpose of alimony, that is, to assure to the wife suitable support. The fact that the provision was to be in lieu of any other interest in the husband's property did not affect the essential quality of these payments. Upon the preëxisting duty of the husband the decree placed a particular and adequate sanction, and imposed upon petitioner the obligation to devote the

income in question, through the medium of the trust, to the use of his divorced wife.

No question is raised as to the constitutional power of the Congress to attribute to petitioner the income thus segregated and paid in discharge of his obligation, and that authority could not be challenged successfully. *Burnet* v. *Wells*, 289 U. S. 670, 677, 682, 684. The question is one of statutory construction. We think that the definitions of gross income (Revenue Acts, 1926, § 213; 1928, § 22) are broad enough to cover income of that description. They are to be considered in the light of the evident intent of the Congress " to use its power to the full extent." *Irwin* v. *Gavit*, 268 U. S. 161; *Helvering* v. *Stockholms Bank*, 293 U. S. 84, 89. We have held that income was received by a taxpayer, when, pursuant to a contract, a debt or other obligation was discharged by another for his benefit. The transaction was regarded as being the same in substance as if the money had been paid to the taxpayer and he had transmitted it to his creditor. *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716; *United States* v. *Boston & Maine Railroad*, 279 U. S. 732. See, also, *United States* v. *Mahoning Coal R. Co.*, 51 F. (2d) 208. The creation of a trust by the taxpayer as the channel for the application of the income to the discharge of his obligation leaves the nature of the transaction unaltered. *Burnet* v. *Wells, supra*. In the present case, the net income of the trust fund, which was paid to the wife under the decree, stands substantially on the same footing as though he had received the income personally and had been required by the decree to make the payment directly.

We do not regard the provisions of the statutes as to the taxation of trusts, fiduciaries and beneficiaries, (Revenue Acts, 1926, §§ 2, 219; 1928, §§ 161, 162) as intended to apply to cases where the income of the trust would otherwise remain, by virtue of the nature and purpose of the

trust, attributable to the creator of the trust and accordingly taxable to him. These provisions have appropriate reference to cases where the income of the trust is no longer to be regarded as that of the settlor, and we find no warrant for a construction which would preclude the laying of the tax against the one who through the discharge of his obligation enjoys the benefit of the income as though he had personally received it.

The decision in *Helvering* v. *Butterworth*, 290 U. S. 365, is not opposed. There the trust was testamentary and the only question was with respect to the liability for the tax as between the trustee and the beneficiary. The Court observed that " the evident general purpose of the statute was to tax in some way the whole income of all trust estates." The decision has no application to a case where the income is still taxable to the grantor. Nor are the provisions of the statutes (Revenue Acts, 1926, § 219 (h); 1928, § 167) defining instances in which the grantor remains taxable, as in case of certain reservations for his benefit or provisions for the payment of premiums upon policies of insurance on his life, to be regarded as excluding instances not specified, where in contemplation of law the income remains in substance that of the grantor. No such exclusion is expressed and we see no ground for implying it.

The decree of the Circuit Court of Appeals is

*Affirmed.*