EDWARD T. HALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81118. Promulgated August 3, 1937.

*Luther E. Smith, Esq.*, for the petitioner.
*H. F. Noneman, Esq.*, for the respondent.

400

OPINION.

HILL: Respondent has determined that the income in 1932 of the trust involved here is taxable to petitioner on the theory that such income was used to discharge a legal obligation of petitioner. If respondent's premise is correct, then under the law as now settled, his determination must be approved.

Thus, it has been held that where a husband establishes a trust, the income of which is to be paid to his wife in lieu of alimony, the income is taxable to the husband, *Douglas* v. *Willcuts*, 296 U. S. 1; and such is the rule notwithstanding the contemporaneous divorce decree is silent as to alimony, *Albert C. Whitaker*, 33 B. T. A. 865. Also, the income is taxable to the grantor where the trust is established to provide for the support, maintenance, and education of his minor children, *Helvering* v. *Stokes*, 296 U. S. 551; *Helvering* v. *Schweitzer*, 296 U. S. 551, or where the income is paid to the wife in settlement of her dower or other statutory interest in the husband's property, *Commissioner* v. *Brooks*, 82 Fed. (2d) 173, reversing 31 B. T. A. 70.

In the instant case the parties have stipulated that petitioner's wife, being the guilty party, had under the facts and the statutes of Missouri forfeited all rights and claims under and by virtue of the marriage, including maintenance, support, alimony, dower, and other marital rights, and had fully and completely forfeited all rights in and to the property of her husband by reason of the marriage. It is further stipulated that in such circumstances the courts of Missouri were without jurisdiction to render a decree of alimony in favor of the wife. It must follow, therefore, that the trust involved was not established by petitioner to discharge any legal obligation on his part in respect of alimony, support, or maintenance, or as consideration for the release of his wife's dower or other marital rights in his property. Nor was the trust intended to provide support and maintenance for the children, since they remained in petitioner's care and custody.

Respondent does not defend his action on any of these grounds, but contends that the income of the trust in question is taxable to petitioner solely on the theory that the trust instrument itself was a valid contract between petitioner and his wife and created an obligation upon petitioner, which the income of the trust was used to discharge. Such contention, we think, can not be sustained. Plainly under the facts disclosed here, petitioner was not moved to establish the trust in order to discharge a then existing legal obligation. The parties have stipulated, and we have so found, that petitioner created the trust "because of his love for her (his wife) and the fact that she was the mother of his four children, and because he could not see her suffer." To justify taxation of the income of the trust to the grantor, it must appear that the trust was established to discharge a legal obligation of the grantor. It can not be said under the facts here that the trust instrument itself gives rise to the obligation which the trust income is to satisfy.

Respondent further argues on brief that the trust agreement was predicated not only upon a good consideration, but in addition upon a valuable consideration, in that the wife relinquished any rights she might have had in any property jointly owned by her and petitioner, and agreed to reconvey any such property. This argument, we think, must fail in the light of the stipulated facts. It is not shown that there was any property jointly owned by the spouses. On the contrary, it is stipulated that petitioner's wife and the man involved, whom she intended to marry, were without means and without definite income to support themselves. It was because she was wholly without means that she begged her husband for an allowance. The trust agreement, which contained a clause relinquishing the wife's interest in any jointly owned property, was in the form ordi-

narily used in drafting separation agreements, and obviously was used by petitioner not for the purpose of effecting a transfer of his wife's interest in property jointly owned by them, but as a part of his plan to protect his young children from the notoriety and scandal which would result from a publication of the true situation.

The divorce decree was granted in 1927. Petitioner's wife married the man involved shortly thereafter. During the taxable year 1932 petitioner was under no legal obligation to contribute to the support of his former wife, or to pay her alimony. The issue presented here, we think, is governed by our decisions in *Henry Oliver Rea*, 35 B. T. A. 1132, and *Harry S. Blumenthal*, 34 B. T. A. 994.

In the *Rea* case, the husband created a trust, the income of which was payable to his wife during her life. The wife had instituted divorce proceedings prior to the creation of the trust and an absolute divorce was granted her subsequently. However, no obligation on the part of the husband existed under Pennsylvania law to support his former wife after the divorce, and we held that the income of the trust for 1932 was not taxable to him.

In the *Blumenthal* case, we held that the petitioner's income did not include the income of a trust established by him for his divorced wife, who had since remarried, saying:

But there was no obligation upon the part of the petitioner during the taxable year (1931) to support his former wife, who had married in 1926. * * * His entire obligation to support her had been discharged prior to 1931. He had only a contingent remainder interest in the trust established for her and was not taxable with the income of that trust. Cf. *Reinecke* v. *Smith*, 61 Fed. (2d) 324; *Sidney R. Bliss*, 26 B. T. A. 962; *Nanaline H. Duke et al., Executors*, 23 B. T. A. 1104; affd. 62 Fed. (2d) 1057; 290 U. S. 591.

Respondent's determination on the submitted issue is reversed.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

MELLOTT dissents.