RALPH L. GRAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 86940, 86941. Promulgated September 21, 1938.

*Albert F. Hillix, Esq*, and *Elmer B. Hodges, Esq.*, for the petitioner.
*James C. Maddox, Esq.*, for the respondent.

OPINION.

Smith: These proceedings, consolidated for hearing, involve deficiencies in petitioner's income tax for the calendar years 1933 and 1934 in the respective amounts of $1,802.89 and $2,278.91. The deficiencies for both years result from the addition to petitioner's taxable income of $8,805.40 in 1933 and $9,467.16 in 1934, representing the income of a trust fund created by the petitioner in 1931 for the benefit of his wife and two minor children.

The liability of the petitioner for income tax on the trust income is the sole issue involved in both proceedings.

By a declaration of trust dated July 14, 1931, the petitioner, a resident of Kansas City, Missouri, declared himself sole trustee of a fund of $300,000 which he concurrently deposited to his credit as trustee for the benefit of his wife and two minor children. The trust declaration provides in the preamble that:

* * * I, Ralph L. Gray, * * * in consideration of love and affection and of the sum of One Dollar to me paid by each of the beneficiaries named herein, have set apart and deliver to myself as Trustee, * * * the following described personal property or money:

Three Hundred Thousand Dollars ($300,000.00) which I have concurrently herewith deposited in The First National Bank of Kansas City, Kansas City, Missouri, to the credit of "Ralph L. Gray, Trustee."

Paragraph 3 of the trust declaration provides that:

The entire Trust Estate shall forthwith be divided by the Trustee into three equal parts, which are hereinafter respectively called, for the sake of convenience, "Wife's Share," "Son's Share," "Daughter's Share."

It is further provided in the consecutive paragraphs 4, 5, and 6 that the income of all three shares of the trust fund shall be paid quarter-annually to petitioner's wife for life, as to her individual share, and as to the other two shares until her son and daughter shall have arrived at respectively the age of 22 years. After the son and daughter shall have arrived at the age of 22 the income from their shares is to be paid to them directly for life and upon their death, if occurring after the age of 25, to their heirs or appointees. There is no provision anywhere in the trust instrument designating the manner in which any of the income shall be expended by the wife. It is provided in paragraph 17 that:

If at any time prior to the termination of the Trust by reason of any illness, accident, emergency or other misfortune or need for educational purposes or any other reason whatsoever, in the uncontrolled and absolute discretion of the Trustee, further funds shall be necessary for the comfortable maintenance, support or education of either the said Stewart Sill Gray or the said Gayle Gray or the said Anna Marie Gray, then the Trustee is authorized and directed to pay, as the case may be, to either the said Anna Marie Gray out of the principal of the Wife's Share, or to the said Stewart Sill Gray or his guardian or

curator out of the principal of the Son's Share, or to the said Gayle Gray or her guardian or curator out of the principal of the Daughter's Share, such sum or sums as the Trustee in his, its or their absolute discretion may deem proper, but not exceeding the sum of Ten Thousand Dollars ($10,000.00) in any one year, and the judgment of the Trustee in this respect shall be final and conclusive upon all persons interested in the Trust Estate. Nothing in this Article (17) contained shall create any legal or equitable rights whatsoever in any beneficiary hereunder.

Other provisions of the trust instrument deal at length with the appointment of successor trustees—the petitioner's wife was to be a successor cotrustee—management of the trust fund, and other matters not here material.

Paragraph 25 of the trust instrument reads as follows:

The Trust hereby created and the terms of this indenture may at any time during the life time of Ralph L. Gray, the Settlor, be altered, modified, and/or amended by an instrument in writing, duly executed both by the Settlor and by the said Anna Marie Gray, if such instrument be executed before the death of the said Anna Marie Gray and before March 31, 1943, or, if such instrument be executed after March 31, 1943, by both the Settlor and by such of the three, the said Anna Marie Gray, the said Stewart Sill Gray and the said Gayle Gray, as shall be then of lawful age and surviving, provided that no alteration, modification or amendment shall be made, by which there shall be revested in the Settlor, either presently or in the future, any part of the principal or income of the Trust Estate, and provided also that such right of alteration, modification and/or amendment includes the right to relinquish the power of alteration, modification and/or amendment herein given.

At the same time that the petitioner executed the declaration of trust and pursuant to a provision therein he entered into an agreement, as trustee, with the First National Bank of Kansas City, Kansas City, Missouri, whereby the bank was employed as custodian and agent for the trustee and was given custody of the trust fund.

The income of the trust fund consisted in 1933 of dividends in the amount of $3,889.25 and other income in the amount of $4,916.15. In 1934 the income consisted of ordinary interest $1,770, interest on tax-free covenant bonds $3,735, and dividends $3,962.16. All of such income was distributed during the respective years of its receipt by the trust to Anna Marie Gray by checks drawn by a trust officer of the First National Bank of Kansas City and deposited in her individual bank account. All of such income was reported by her in her individual income tax returns for 1933 and 1934.

The petitioner and his wife, Anna Marie Gray, lived together as husband and wife and maintained their home at 1015 Greenway Terrace, Kansas City, Missouri, during the years 1933 and 1934. They had three dependent minor children, two of whom, Stewart Sill Gray and Gayle Gray, are the son and daughter mentioned in the declaration of trust.

There was no agreement or understanding between the petitioner and his wife that any part of the income of the trust fund should be used by her for the maintenance and support of herself or of the minor children. She did, however, during the taxable years 1933 and 1934 use a portion of the income of the trust for such purposes, although not requested to do so by the petitioner. During the same time the petitioner continued to maintain his home and meet household bills for the maintenance and support of his family.

In his individual income tax returns for 1933 and 1934 the petitioner claimed the statutory credit of $400 for only one dependent child. In restoring the trust income to the income reported by petitioner in his returns the respondent has allowed an additional credit of $800 for petitioner's two other minor children. In his determination of the deficiencies herein the respondent has ruled that under section 167 of the Revenue Acts of 1932 and 1934 the income of the trust for 1933 and 1934 is taxable to the petitioner because all of such income inured to his benefit, or was payable on his legal obligations.

The parties have stipulated as follows:

If the finding of the Board excludes items enumerated in Paragraphs 3 and 4 of the written stipulation of agreed facts from taxable income of petitioner, the deductions enumerated in paragraphs 5 and 6, and credit for two dependents taken on the returns of Anna Marie Gray for the years 1933 and 1934, respectively, and referred to in paragraph 7 of said stipulation of agreed facts, are to be eliminated in computing petitioner's tax.

In other words, there were certain other items of deductions, credits for dependents, that were taken from the wife's return and the husband's return, and as the income goes back the tax goes back.

The pertinent provisions of the statute are found in sections 22 and 167 of the Revenue Acts of 1932 and 1934, which read in material part as follows:

SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, * * *

SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

(a) Where any part of the income of a trust—

(1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; * * *

    *        *        *        *        *        *        *

then such part of the income of the trust shall be included in computing the net income of the grantor.

The Supreme Court held in *Douglas* v. *Willcuts*, 296 U. S. 1, that amounts of trust income distributed to the settlor's divorced wife in

lieu of alimony and all interest in her husband's property came within the broad statutory definition of gross income and were taxable to the husband whose obligation to support his wife was thereby discharged. On authority of *Douglas* v. *Willcuts, supra,* the Court in *Helvering* v. *Schweitzer,* 296 U. S. 551, reversed, *per curiam, Schweitzer* v. *Commissioner,* 75 Fed. (2d) 702, in which the lower court had held, reversing 30 B. T. A. 155, that the settlor was not taxable on the income from a trust created by him for the benefit of his three minor children and payable to him solely for their support, maintenance, and education.

Likewise, in *Helvering* v. *Blumenthal,* 296 U. S. 552, the Court in a *per curiam* opinion reversed 76 Fed. (2d) 507, where the lower court had held, reversing 30 B. T. A. 591, that the settlor was not taxable on the income of a trust paid to a bank in liquidation of the settlor's indebtedness. Likewise, in *Helvering* v. *Stokes,* 296 U. S. 551, the Court reversed the lower court, 79 Fed. (2d) 256, which had affirmed 28 B. T. A. 1243, and held that the settlor was taxable on the income of a trust created for the maintenance, support, and education of his three minor children.

In *Hill* v. *Commissioner,* 88 Fed. (2d) 941, affirming 33 B. T. A. 891, it was held that the income of a trust used to support the settlor's wife and maintain the family home was taxable to the settlor. Also, in *Commissioner* v. *Grosvenor,* 85 Fed. (2d) 2, the court held, upon authority of *Douglas* v. *Willcutts, supra,* reversing 31 B. T. A. 574, that the income from two trusts created for the support and education of the settlor's two minor daughters was taxable to the settlor. There, all of the net income of both of the trusts was to be paid to the settlor's wife and was to be expended by her for the support, maintenance, and education of the minor children without any liability to account for the expenditure of the income to any person. In its opinion the court said:

* * * Mr. Grosvenor, being admittedly under a legal duty to support his minor children, was directly benefited by the payments of trust income which discharged that duty. Under the foregoing authorities, such income must be taxed as his. He attempts to distinguish them on the ground that here the income was paid to Mrs. Grosvenor without accountability therefor to any one. She was directed, however, to expend it for the support, maintenance, and education of the daughters, and, to the extent that she did so, he was relieved of his parental obligation. In the absence of evidence to the contrary, it should be assumed that all of it was so used. Compare *Schweitzer* v. *Commissioner,* 75 Fed. (2d) 702, 704 (C. C. A. 7). * * *

In the instant case the trust declaration does not direct that the income shall be used for the maintenance and support of the minor children. The respondent contends, however, that, by reason of the fact that a portion of the income of the trust fund during the years 1933 and 1934 was in fact used by the wife for the maintenance and

support of the minor children, coupled with the fact that the petitioner did not in his returns claim any credit for the support of his two minor children, it must be held that the trust was created for the benefit of the petitioner and that he is accordingly liable to income tax upon the income of the trust fund for 1933 and 1934, as was determined by the respondent.

The facts in these proceedings are similar to those which obtained in *Henry A. B. Dunning*, 36 B. T. A. 1222. There the trust income was payable to the grantor's wife without restriction on the use thereof. The wife used part of the income for the support and maintenance of herself and children; there was no agreement that she should use any of the income for the support of the children; the husband maintained the home and paid household expenses. We held that the trust income was not taxable to the grantor. We pointed out that: "There is no agreement, no trust provision, no court decree requiring the expenditure of the trust income for the purposes for which it was used or for any purpose that would relieve the petitioner of any of his obligations", hence, that the case did not come within the rule laid down in *Douglas* v. *Willcuts, supra,* and similar cases.

The action of the respondent in adding to the petitioner's income the income received by the wife from the trust fund in 1933 and 1934 is reversed.

*Judgments will be entered under Rule 50.*