*1173 OPINION.
Aenold :
We are asked by the respondent to apply the principle, announced in Douglas v. Willcuts, 296 U. S. 1, to a situation involving a trust created by the husband and wife, where the property conveyed to the trust was the wife’s portion of the community property. The principle of the Douglas case, which taxed the income *1174 of a trust to the grantor, where the trust income was paid to his wife in lieu of alimony, has been extended by subsequent decisions to trusts created to pay the settlor’s debts, Helvering v. Blumenthal, 296 U. S. 552, and to trusts for the maintenance, support, and education of the settlor’s children, Helvering v. Schweitzer, 296 U. S. 551; Helvering v. Stokes, 296 U. S. 551; Commissioner v. Grosvenor, 85 Fed. (2d) 2. The foregoing authorities, and numerous other cases involving trust income, have established the proposition that “where the income of the trust is to be used in discharge of any legal obligation which the settlor would otherwise have to satisfy, the settlor is taxable with such income to the same extent as if it were personally received.” Stephen J. Leonard, 36 B. T. A. 563, 571.
After carefully examining the documentary evidence and the California statutes it is our opinion that the property placed in trust was the wife’s portion of the community property, the amount of which was fixed and determined by the parties in their settlement agreement and therefore her separate property. The evidence shows that petitioner and his wife entered into the settlement agreement to settle for all time their property rights, regardless of whether thereafter they lived together or apart, were married or divorced. Their community property had a value at the time of the division of over $610,000 and it was agreed between them that over $325,000 thereof should be placed in trust for the sole benefit of the wife during her lifetime. If she remarried she agreed to divide the trust income equally with her children. No provision was made for any of the trust income to come to the petitioner, or for the payment and discharge of any obligation that he would otherwise have had to satisfy.
In California a wife has no right of dower in her husband’s estate, section 173, Civil Code of California, but she is authorized to enter into any engagement or transaction, respecting property, with her husband or any other person, section 158, idem. Where the wife secures a divorce for an offense of the husband:
* * * the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support, during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively; and the court may, from time to time, modify its orders in those respects. [Sec. 139, idem.]
In case of a dissolution of the marriage, the community property is equally divided between the parties, if the decree is rendered on any other ground than that of adultery or extreme cruelty, sec. 146, idem.
The division of the community property made in the settlement agreement received the approval of the court in its interlocutory *1175 decree, and was subsequently made permanent in the decree dissolving the marriage. Despite the authority granted the court by section 139 of the Code, to compel petitioner to provide for the wife’s support, there is no provision in the decree giving the wife any allowance for support, or for alimony, or in lieu of alimony. The court’s failure to provide for the wife, in the same decree in which it ordered petitioner to provide for the support of his children, is deeply significant. The inference is inescapable that the court considered the prior settlement was just, and that the division of the community property between husband and wife discharged his marital obligation of support.
The presence of petitioner as one of the trustors is easily explained. The real property and the securities were in his name. The wife desired and, according to petitioner’s uncontradicted testimony requested, that her portion of the community property be placed in trust. By joining in the conveyance of her portion of the community property to the trustee, the parties eliminated a separate transfer which would have otherwise been necessary if petitioner had conveyed directly to his wife. If, as respondent contends, the petitioner had been creating a trust to discharge his legal obligations, he would have undoubtedly provided that a portion of the trust income should be used for the maintenance and support of his minor children.
In many respects the situation here is analogous to that existing in Ernestine Mitchell, 38 B. T. A. 1336. In that case the husband and wife were residents of the community property state of Texas. They executed a trust agi’eement by which they conveyed certain prop-perty to a bank, as trustee, for the benefit of themselves and their two minor children. The express purposes of the trust were to pay off the debts and obligations of the settlors, to create a trust fund for the settlors’ use for a period of 20 years, and to create a trust fund for the use and benefit of their children. By a supplemental agreement the parties agreed that the trust instrument settled all community differences and property rights of the parties. Thereafter, the wife was granted a divorce and custody of the children. The divorce decree ratified the trust agreement and the supplemental agreement, and awarded to the wife, as her separate estate, the properties that were to be distributed to her, her heirs, or devisees upon her death. In holding that the trust income was not taxable in toto to the husband, we pointed out that the payments received from the trust by the wife were not payments in lieu of alimony and were not made in satisfaction of any legal obligation of the husband. We stated that the payments were, at least in part, distributions “of income from her own separate properties which, under the trust agreement and the decree of the court, remained in the trust *1176 with properties belonging to the petitioner [husband].” (P. 1341.)
In this proceeding we are convinced that it was the wife’s separate property that was placed in Private Trust #606, and obviously the income therefrom would belong to her unless she provided for some other distribution. In any event the petitioner had no continuing obligation to support and maintain his wife after the property settlement and the decree of the court. The legal obligation to support his children was satisfied by payments from his personal income as distinguished from the income of Private Trust #606.
We have carefully examined the facts herein in the light of the numerous authorities cited by both parties hereto, but in our opinion the Mitchell case, supra, is closer factually to the instant proceeding than any other we have examined or that has been brought to our attention. The decision of the court in Commissioner v. Tuttle, (C. C. A., 6th Cir.), 89 Fed. (2d) 112, is in point, but that case did not involve a community property state. In the case of Douglas v. Willcuts, supra, and in the cases cited by the respondent, as following the rule there announced, the property placed in trust was the taxpayer’s property, and there was a determination that the trust income was used to satisfy and discharge an obligation of the settlor. In our opinion no obligation of this petitioner was satisfied by the income of Private Trust #606. The respondent’s determination is disapproved.
Reviewed by the Board.

Decision will be entered wnder Buie 50.