ROBERT C. SUHR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 94999, 96143. Promulgated May 29, 1940.

*William H. Annat, Esq.*, for the petitioner.
*Paul A. Sebastian, Esq., DeWitt M. Evans, Esq.*, and *W. W. Kerr, Esq.*, for the respondent.

OPINION.

OPPER: These proceedings were brought for a redetermination of deficiencies in income tax of $948.12 and $4,852.45 for the years 1935 and 1936, respectively.

The only question presented is whether respondent erred in holding petitioner liable for the income of a trust.

All of the facts in the case at bar are stipulated. The facts are hereby found accordingly, the pertinent parts being as follows:

Petitioner and Lucille M. Suhr are husband and wife and have resided together in that status since their marriage on June 8, 1935. The family residence is at 12506 Edgewater Drive, Lakewood, Ohio.

For the years in question petitioner filed individual Federal income tax returns with the collector at Cleveland, Ohio. His wife filed her individual Federal tax return for the calendar year 1936 with the collector at Cleveland, reporting therein dividends in the sum of $12,600 received from the Cleveland Trust Co., trustee (as hereinafter shown), and deducting trustee's fees in the sum of $315.

By instrument dated December 12, 1935, petitioner entered into a trust agreement with the Cleveland Trust Co. The pertinent parts of the agreement are as follows:

(a) The entire net income shall be paid to Lucille M. Suhr, of Cleveland, Ohio, wife of First Party, so long as she shall live;

(b) If First Party shall be living at the time of the death of said Lucille M. Suhr, then in such event, said trust shall terminate, and the Second Party shall thereupon pay over and distribute to First Party the principal and the accrued undistributed income of said trust estate as soon as practicable;

(c) If, at the time of the death of said Lucille M. Suhr, said First Party shall not be living, the entire net income shall thereafter be paid, share and share alike, to Philip Holland, who was born September 12, 1925, and Robert Holland, who was born August 27, 1927, stepsons of First Party, or to the lawful issue of either of them who shall decease (provided such issue shall take per stirpes the share of their deceased parent), until said Robert Holland shall attain the age of thirty (30) years, or, if he shall die prior to attaining such age, then until such time as, if living, he would have attained such age, at which time said trust shall terminate, and Second Party shall then, as soon as practicable, pay over the principal and the accrued undistributed income of said trust estate to the persons then entitled to the income thereof had this trust continued, the distribution of the trust estate to be in the same proportion as the distribution of income. In the event of either of said stepchildren dying without lawful issue surviving him, the other of said stepchildren, or, if deceased, then his lawful issue, shall take all, such issue to take per stirpes.

\*    \*    \*    \*    \*    \*    \*

Second Party may, in its sole discretion, pay to said Lucille M. Suhr during her lifetime, in addition to the income from the trust estate, such part of the principal of the trust estate as Second Party shall deem necessary to properly care for and support her, taking into consideration such other means of support and sources of income as she shall then have, and if, after the death of said Lucille M. Suhr, the income so to be paid to any other beneficiary hereunder

shall in the judgment of Second Party be insufficient to properly care for, support and educate such beneficiary, Second Party shall have full right, power and authority to pay to or for the use of such beneficiary, from time to time, such amounts from the principal of such beneficiary's share of the trust estate as Second Party in its judgment may see fit to use and deems for the best interest of said beneficiary.

\* \* \* \* \* \* \*

On the date of the excution of the above trust agreement petitioner transferred to the trustee 500 shares of The City Ice & Fuel Co. common stock and 400 shares of The City Ice & Fuel Co. preferred stock.

This trust agreement was in force and effect during the years in question and the trustee received dividends in the sum of $2,500 during the calendar year 1935, and deducted $62.50 for its trustee's fees and paid or credited to petitioner's wife the remaining balance of $2,437.50 during the calendar year 1935.

The trustee received during the calendar year 1936 dividends in the sum of $12,600 and deducted $315 for its trustee's fees and paid or credited to petitioner's wife the balance of $12,285 during the calendar year 1936.

During the years in question petitioner had no living children. By a prior marriage his wife had two minor children, Philip Holland, born September 12, 1925, and Robert Holland, born August 27, 1927. During the year 1938 petitioner legally adopted these two children.

Petitioner duly filed with the collector at Cleveland a gift tax return for the calendar year 1935, in which he listed for taxation the securities constituting the corpus of the trust and paid gift tax thereon.

At all times since their marriage in 1935 and during the years in question petitioner maintained a home for his wife and family and paid for and furnished the money for the maintenance and upkeep of the home and for the support and maintenance of his wife and the two children.

None of the income from the trust was used for the maintenance and upkeep of the home or for the support and maintenance of petitioner's wife and her two children.

Respondent by notices of deficiency increased petitioner's gross income by $2,437.50 for 1935 and $12,285.00 for 1936, which is the amount of the net trust income for the respective years in question, after deducting the fees paid the trustee.

The provision of this trust indenture whereby the "Second Party [trustee] may, in its sole discretion, pay to said Lucille M. Suhr [petitioner's wife] during her lifetime, in addition to the income from the trust estate, such part of the principal of the trust estate as Second Party shall deem necessary to properly care for and support her," is essentially identical with the trust for the benefit of the wife in *J. Edward Johnston*, 41 B. T. A. 550. As was said there (p. 556):

\* \* \* The limitation on the right of the trustee to invade corpus for the wife, we think, effectively restricts her use of the income to support and maintenance. \* \* \*

There can be no question that petitioner was responsible for the support of his wife (Title VI, ch. 1, § 7997, Page's Ohio General Code). Accordingly, under the doctrine of *Douglas* v. *Willcuts*, 296 U. S. 1, the entire trust income is taxable to him. *J. Edward Johnston, supra.*

Discussion of further contentions by respondent that petitioner is taxable on other theories is unnecessary.

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

MURDOCK, dissenting: The entire net income of the trust was payable to the petitioner's wife for life. There was absolutely no restriction placed upon her use of that income. A gift tax was paid upon the transfer. The facts further show that the petitioner has at all times maintained a home for his wife and family and has maintained and supported them fully. None of the income of the trust was used or was required to be used for maintenance, education, or support of the wife or children. The doctrine of *Douglas* v. *Willcuts*, 296 U. S. 1, does not apply under such circumstances.

ARUNDELL agrees with this dissent.