GEORGE H. DEUBLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 92055, 95044.  Promulgated June 28, 1940.

*Albert B. Arbaugh, Esq., Homer E. Black, Esq., Paul E. Shorb, Esq.*, and *Marion P. Wormhoudt, Esq.*, for the petitioner.

*Thomas F. Callahan, Esq.*, and *W. W. Kerr, Esq.*, for the respondent.

286

Van Fossan: The issue is the taxability of the income of certain trusts established by petitioner for the benefit of his wife and children.

Petitioner asserts that the trusts in question were valid and irrevocable during the taxable years and that no part of the income from those trusts was taxable to petitioner. Respondent argues that all of the trusts amounted to no more than temporary assignments of income and were without substance. Respondent further contends that the income of the Helen C. Deuble and the children's trusts should be taxed to petitioner on grounds that the trust property would revert to petitioner within a short time and that all the trusts were created and the income therefrom used to discharge a legal obligation of the petitioner.

For purposes of clarity we shall discuss the various trusts separately.

### Helen C. Deuble Trust.

Though relying in part on sections 166 and 167 of the Revenue Acts of 1934 and 1936, the respondent lays greatest stress on the applicability of the decision of the Supreme Court in *Helvering* v. *Clifford*, 309 U. S. 331, which held the income there in question taxable to the grantor under section 22 (a).

The Helen C. Deuble trust was similar to the one considered in *Helvering* v. *Clifford*, *supra*, in that the wife was the beneficiary and the trust was for a short term. Here petitioner was not the trustee, as was the grantor in the *Clifford* case, but upon exercise of his reserved right to remove the then trustee and appoint successor trustees might have appointed himself trustee. We are of the opinion that in our consideration we must assume the exercise of this power with all its consequences. Other features of the instant trust which

are found in the trust considered in the *Clifford* case are the retention by petitioner of the right to vote stock and the reserved right to instruct the trustee in regard to investment and reinvestment of the trust property.

Certain indicia of control by the grantor appeared in the *Clifford* case which do not appear so clearly in the trust presently before us. There petitioner could lend cash or securities of the trust without security; he was not restricted because of the speculative character of proposed investments; he might hold property in his own name as an individual or in the name of any other person; he was not liable for loss of any kind other than that caused by his own willful and deliberate violation of duties as trustee; and, finally, in his absolute discretion he might distribute the income to the beneficiaries at any time during the period of the trust.

The decision reached by the Supreme Court in *Helvering* v. *Clifford*, *supra*, was not based solely on any one of the factors present in the trust before it. Rather, it was based on the aggregate of all factors of control. In that case the Court said that whether or not the settlor may be treated as the owner of the corpus "must depend on an analysis of the terms of the trust and all circumstances attendant on its creation and operation." Applying this formula to the facts present in the Helen C. Deuble trust, we are of the opinion that the requisite vital elements of control by the petitioner are here present and that it falls within the rule of the *Clifford* case. The consequence is that the trust income is taxable to petitioner. It therefore becomes unnecessary to discuss the applicability of sections 166 and 167.

### The Children's Trusts.

The principal provisions of these trusts in effect during the taxable years are substantially similar to those in the Helen C. Deuble trust and the conclusion announced above likewise follows as to them. There is no controlling differentiation. We, therefore, hold that the income of the children's trusts is taxable to petitioner.

### The Income Trusts.

The income trusts are irrevocable and are not to be classified as short term trusts. Petitioner has retained very few incidents of ownership in the trust property. The corpora of the trusts do not revest in petitioner within a few years but, on the other hand, will be distributed to the beneficiaries upon their attaining specified ages. The trustee was given broad powers of administration over the income trusts. The chief similarity which these trusts bear to the trust

considered in the *Clifford* case is that the beneficiary of each of the income trusts is a member of the family group.

Originally these trusts contained no provision for changing the trustee. On May 12, 1932, petitioner executed a purported amendment to each of the trusts, reserving the right to change the trustee. The trustee assented to these amendments, but the beneficiaries did not so assent. The trusts being irrevocable, the attempted change in the terms of the trusts was legally ineffective without the consent of the beneficiaries. It follows that the power to change the trustee is not present as in the other trusts hereinbefore considered. In these trusts petitioner had no power to lend without security, speculate, or hold property in his own individual name. The corpus of the trusts arose from the receipt and investment of the income of the children's trusts. We are of the opinion, and hold, that petitioner was not in substance the owner of the corpora of the income trusts and that their income is not taxable to grantor under section 22 (a).

By the terms of the income trusts, Helen C. Deuble, or any guardian of the person of the respective beneficiaries, during the minority of the beneficiaries, could require the trustee to pay over reasonable amounts for the support, maintenance, and education of the beneficiaries. Respondent contends that the entire income of these trusts is taxable to petitioner under section 167 (a) (2) of the Revenue Acts of 1934 and 1936, under the principles laid down in *Douglas* v. *Willcuts*, 296 U. S. 1. We have held, however, that the grantor in such situations is taxable only on amounts actually used for maintenance, support, and education. *E. E. Black*, 36 B. T. A. 346; *Martin F. Tiernan, Trustee*, 37 B. T. A. 1048; *Alfred C. Berolzheimer*, 40 B. T. A. 645; *Percy M. Chandler*, 41 B. T. A. 165. The proof is that none of the income was so used in the present cases.

Here the sum of $204.63 was paid to the insurance company to satisfy a premium on a policy of insurance on the life of petitioner by the trustee from each of the income trusts during each of the years 1934, 1935, and 1936. These sums are taxable to petitioner under section 167 (a) (3) of the Revenue Acts of 1934 and 1936.

Reviewed by the Board.

*Decisions will be entered under Rule 50.*