ARCHIBALD G. BUSH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97815.   Promulgated February 11, 1941.

*John L. Connolly, Esq.*, for the petitioner.
*Lucien W. Shaw, Esq.*, for the respondent.

538

540

KERN: Respondent contends that his determination of deficiency should be affirmed on two grounds. He asserts that the entire income of the two trusts is taxable to petitioner not only by virtue of section 22 (a) of the Revenue Acts of 1934 and 1936, but also under the theory of *Douglas* v. *Willcuts*, 296 U. S. 1. It will be unnecessary for us to consider this latter ground, however, since our decision is controlled by section 22 (a).

The lack of importance of the trustee's role and the small degree of power held by him make manifest to us the unwillingness of the petitioner to part with the substantial ownership of the corpus during the lives of the trusts. In the case of *Helvering* v. *Clifford*, 309 U. S. 331, the Court set forth the real issue to be discussed in cases which involve trusts the income of which has been determined taxable to the settlor under section 22 (a), as follows:

Technical considerations, niceties of the law of trusts or conveyances, or the legal paraphernalia which inventive genius may construct as a refuge from surtaxes should not obscure the basic issue. That issue is whether the grantor after the trust has been established may still be treated, under this statutory scheme, as the owner of the corpus.

In the instant proceeding the trusts were for short terms, the beneficiaries were the settlor's wife, whose income was used to defray the household expenses of the settlor, and his sister, for whose support he felt responsible; the trustee was a close business associate and personal friend of the settlor, who would, as a practical matter, conform to his wishes with regard to the voting of the stock forming the corpus of the trusts; the trustee did, in fact, execute proxies covering the stock to a group which included the settlor; and the trustee had no power to change the corpus of the trusts without the consent of the settlor. Since the facts point toward the conclusion that petitioner desired to hold on to all his stock in the Minnesota Mining & Manufacturing Co., petitioner was not inconvenienced by having the shares held by a trustee for a short term without power to dispose of them except upon receiving authority so to do from petitioner. As it turned out, he took active part in voting the shares under the proxy. The trustee was no more than a friendly middle man in the family negotiations.

Although we have found no cases involving exactly similar facts, we have no hesitancy, after a thorough study of the *Clifford* case, *supra*, and the decisions of the courts and this Board decided after the opinion in that case was handed down, in concluding that the income from both trusts for the years 1935, 1936, and 1937 is taxable to the petitioner by virtue of section 22 (a) of the Revenue Acts of 1934 and 1936. Cf. *George H. Deuble*, 42 B. T. A. 277; *Herbert W. Hoover*, 42 B. T. A. 289; *Benjamin F. Wollman*, 31 B. T. A. 37.

*Decision will be entered for the respondent.*