ELINOR STEWART SOKOL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8167. Promulgated August 16, 1946.

*Robert H. Montgomery, Esq., J. Marvin Haynes, Esq., W. C. Magathan, Esq., James O. Wynn, Esq.,* and *Henry B. Burr, Esq.,* for the petitioner.

*Ellyne E. Strickland, Esq.,* for the respondent.

OPINION.

HARLAN, *Judge*: The respondent contends that during the taxable year involved herein alimony payments, or payments made under an enforceable agreement in lieu of alimony, were taxable to the payor, *Douglas* v. *Willcuts*, 296 U. S. 1; *Helvering* v. *Brooks*, 82 Fed. (2d) 173; that, under the separation agreement and the trust created to carry out the same, petitioner herein was legally obligated to pay Edward L. Ayers, the beneficiary of the trust, $250 per month; and that the payments made by the trustee were in satisfaction of this legal obligation and, therefore, the petitioner, as the trustor who was relieved of legal responsibility to the beneficiary of the trust to the extent of the payments made to said beneficiary, is liable for the tax thereon.

The petitioner claims that the separation agreement violated section 51 of the Domestic Relations Law of the State of New York, which provides as follows:

A married woman has all the rights in respect of property, real or personal, and the acquisition, use, enjoyment and disposition thereof, and to make contracts in respect thereto with any person, including her husband, and to carry on any business, trade or occupation, and to exercise all powers and enjoy all rights in respect thereto and in respect to her contracts, and be liable on such contracts as if she were unmarried; but a husband and wife cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife. * * *

and that by reason of the provisions of this statute the separation agreement, which provided for the payment by the wife to the husband of $250 per month, relieved the husband of his statutory liability to support his wife and therefore the contract was void. The cases cited by petitioner's brief pertain to antenuptial agreements and separation agreements wherein an affirmative provision is contained excusing the husband from further support of his wife or providing inadequate support of the wife.

We are unable to discern the applicability of these cases to the case at bar because in this case the separation agreement meticulously avoids any provision either excusing the husband from future support of his wife or limiting the amount of such support which the court in any subsequent divorce proceeding might see fit to impose. The contract does provide that the husband not only releases any and every claim that he may have against his wife, her property while living, or her estate when dead, but the husband also agrees that he will not ask for any more alimony in any subsequent divorce proceeding and that if any more alimony is granted by the court, the provisions of the separation agreement shall control. Let us assume that the day following the execution of the agreement petitioner had suffered a complete financial debacle and had lost her ability not only to pay the $250 per month promised, but to support herself. It seems to us evident that Edward L. Ayers' attorney would scan this agreement in vain to find any provision relieving him from his liability to support the petitioner. We must therefore reject the contentions of the petitioner based upon the fact that the separation agreement is void.

The respondent's brief, however, does not seem to contend that the separation agreement is unenforceable as such. His contention is that, even admitting the original nonenforceability of the separation agreement, nevertheless the separation agreement was approved and adopted by the court having jurisdiction of the parties in the divorce proceeding in Nevada and that such approval was made after both petitioner and her then husband had entered their personal appearances and after a hearing was held in which neither party contested

the validity of the separation agreement, and that, therefore, petitioner is now estopped from questioning the validity of the separation agreement or the trust which was created by the petitioner to carry out the provisions thereof.

Respondent cites and relies on the cases of *Hoyt* v. *Hoyt*, 38 N. Y. S. (2d) 312; *Graham* v. *Hunter*, 42 N. Y. S. (2d) 717; and *Fales* v. *Fales*, 290 N. Y. S. 655. Each of these cases involves a separation agreement in which the party who sought to avoid the agreement contended that it was made upon the unexpressed consideration that a divorce would be obtained, which, of course, was an illegal consideration. In each case, however, the court held that, since the separation agreement was not illegal on its face, or manifestly against public policy, and since the parties to the agreement remained silent as to the illegality of the separation agreement when that agreement was before the divorce court for approval or rejection, therefore, the complaining party was estopped from asserting the illegality of the agreement. These cases are at once distinguishable from the case at bar, because in the case at bar, if the contract is void, it is void on its face. Therefore, there was nothing that the parties to the contract could fail to do which would make the contract valid in New York on any principle of estoppel. We can not, therefore, accept the defense set up by the respondent.

The basis of our holding is that this separation agreement is not void and on the record as presented to this Court its provisions relating to payments by the petitioner to her former husband are enforceable. The consideration for the promise to make these payments was a release by the former husband to petitioner of all claims against petitioner's property and of all future claims for alimony, dower, distributive share, etc. We do not interpret the law of New York to be that the mere failure to provide in a separation agreement for the future support of the wife makes the entire agreement, providing for mutual release of property rights, etc., *ipso facto*, void.

It is true that the case of *Golden* v. *Golden*, 17 N. Y. S. (2d) 76, contains this sentence: "The separation agreement was void because it failed to provide for the support of the wife." That case, however, is unofficially reported and it contains no statement of facts. We are therefore inclined to believe that the use of the term "failed to provide for the support of the wife" probably referred to a clause in the contract which affirmatively excused the husband from support of the wife.

It will be noted that the court in *Reischfield* v. *Reischfield*, 166 N. Y. S. 898, used this sentence in its decision: "Where, however, a separation agreement does not provide for the support of a wife it * * * is void."

In the *Reischfield* case the court was specifically referring to a contract which affirmatively excused the husband from the support of his wife and not to a contract such as the one in the case at bar, which was merely silent on the subject.

It is further of interest to note that the case of *Schiff* v. *Schiff*, (March 11, 1946), 60 N. Y. S. (2d) 318, contains the following statement:

> The third defense alleges that the separation agreement is void because it totally releases plaintiff from his liability to support his wife. The special term correctly held this defense to be insufficient. While the provision in the agreement exempting the husband from his obligation to support his wife contravenes section 51 of the Domestic Relations Law, that provision does not vitiate the entire agreement and the other provisions of the agreement may be valid and enforceable.

In the opinion in the *Schiff* case the court refers to the case of *Golden* v. *Golden, supra,* as though the contract in that case specifically exempted the husband from his duties to support his wife, just as did the contract in the *Schiff* case.

In *Dworkin* v. *Dworkin*, 286 N. Y. S. 982, the court held that while a provision in a contract specifically relieving the husband from his duty to support his wife was void as to that provision, nevertheless the provisions in the contract mutually releasing the claims to each other's property were valid. Since it is the law of New York, as shown by the very recent case of *Schiff* v. *Schiff*, that the inclusion of a release to the husband of obligation for future support of his wife does not affect the validity of the other provisions of the contract which are not against public policy, the conclusion would seem to be inescapable that the contract at bar, which made no provision whatsoever concerning the wife's future support, would be valid in all of its otherwise legally enforceable aspects.

We therefore hold that the separation agreement herein was valid and that it imposed a legal obligation upon the petitioner to make the payments to her former husband provided for therein. Therefore the trust agreement entered into to carry out the terms of the separation agreement is based upon a valid consideration and the payments made therein relieve the petitioner of a legal obligation. We can not refrain from expressing our regret at being called upon to give legal approval to a contract by which a man sufficiently well equipped physically to be an officer in the Coast Guard and sufficiently endowed mentally to engage in the real estate business in New York City continues to accept support for life from another man's wife, but we can not permit our feelings in this regard to affect what appears to us to be a proper legal interpretation.

*Judgment will be entered for the respondent.*