**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2380-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARKEL FOWLKES, a/k/a
JOSH WILLIAMS,

    Defendant-Appellant.

_____

Submitted November 1, 2017 — Decided November 15, 2017

Before Judges Yannotti and Mawla.

On appeal from Superior Court of New Jersey,
Law Division, Hudson County, Indictment No.
08-12-2191.

Joseph E. Krakora, Public Defender, attorney
for appellant (Frank M. Gennaro, Designated
Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor,
attorney for respondent (Kerry J. Salkin,
Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant Markel Fowlkes appeals from an order entered by the

Law Division on December 1, 2016, which denied his petition for

post-conviction relief (PCR). We affirm.

Defendant was charged with one count of second-degree robbery, contrary to N.J.S.A. 2C:15-1. The trial court conducted a hearing on February 7, 2011, and determined that defendant was competent to stand trial.

On February 16, 2011, defendant pled guilty. The State agreed to recommend a sentence of ten years of incarceration with an eighty-five percent period of parole ineligibility, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, to run consecutively with a sentence defendant was already serving for an unrelated crime. At the plea hearing, defendant admitted that on April 12, 2008, he entered a hardware store in Jersey City, demanded money from an attendant there, and shook and struck her, causing injury.

During the hearing, the judge stated that he would impose an eight-year sentence, with a NERA parole disqualifier, that would run concurrently with his previously-imposed sentence. The judge asked defendant if he understood the plea agreement, and defendant replied, "Eight with eighty-five." When the court replied affirmatively, defendant said, "Yes." Later on, after taking defendant's testimony on the factual basis for the plea, the judge asked whether defendant still wished to plead guilty. He replied, "To eight, right?" Defendant confirmed that he wanted to take the plea. The judge stated he was satisfied defendant pled guilty

freely and voluntarily, understood what he was doing, waived his rights, and understood the sentence that could be imposed.

Defendant's attorney then raised the issue of the concurrent sentence, and defendant asked whether the thirty-one months he had already served for the previous offense "don't count" towards the new robbery sentence. Counsel told the judge, "I explained to him that he will get gap time for [the prior sentence], no[t] jail credit because he [cannot] get jail credit while serving a State prison sentence." Defendant said, "It's concurrent, right?" The judge replied, "[I]t'll be concurrent from now on."

Defendant also completed plea forms in which he indicated that he understood he would be subject to the eighty-five percent NERA parole disqualifier and a three-year term of parole supervision. At the hearing, defendant confirmed that his attorney had read the questions on the form to him, and that he understood those questions. However, when asked whether he felt his attorney had done "the best that she could for [him]," defendant answered, "No."

On April 7, 2011, the court sentenced defendant in accordance with its statement at the plea hearing. The court gave defendant 910 days of gap time credit. Defendant appealed from the judgment of conviction dated April 8, 2011. The case was heard on our

excessive sentence oral argument calendar. R. 2:9-11. We entered an order dated April 17, 2012, affirming the sentence.

Thereafter, defendant filed a pro se petition for PCR, alleging he was denied the effective assistance of counsel. Counsel was appointed for defendant, and counsel filed an amended petition and supporting certification. Defendant claimed his attorney was ineffective because she told him he would be given jail credits against his robbery sentence for the time he had already served on his prior sentence.

Defendant stated that his attorney did not tell him he would receive gap time credits instead of jail credits until shortly before the plea hearing. Defendant said his attorney did not adequately explain that this meant he would be required to serve eighty-five percent of the robbery sentence. He also asserted that his counsel was ineffective because she did not explain that he would be subject to three years of parole supervision.

The PCR court granted defendant's request for an evidentiary hearing and conducted the hearing on September 29, 2016. Defendant's attorney testified that she had discussed the plea forms with defendant prior to the plea hearing. She asked him each question and circled the answers for him. The plea documents included the forms dealing with NERA and parole supervision.

A-2380-16T3

Counsel stated that defendant had been "engaged" with her while they reviewed the forms.

Defendant's attorney further testified that she told defendant the plea would require him to complete eighty-five percent of his sentence and she explained what parole supervision would entail. Counsel also stated that she explained the differences between jail credits and gap time credits, and told defendant he would only be entitled to the latter.

Defense counsel advised defendant that nevertheless, a sentence concurrent with the sentence he was already serving would be "beneficial" to him. She stated that throughout her conversation with defendant about the plea, she believed he understood what she told him. When defendant asked questions, she tried to respond in a manner so that he would understand the consequences he faced.

On December 1, 2016, the PCR judge denied defendant's petition in a written opinion. The judge found that defendant had not established a claim of ineffective assistance of counsel. The judge stated that defendant had completed the forms for NERA cases, indicating that he knew he would be required to serve eighty-five percent of his sentence and would be subject to parole supervision.

The PCR judge noted that at the plea hearing, the trial judge had reviewed those forms with defendant. The judge concluded that there was "no evidence in the record to suggest" that counsel "did

not review the nature and consequences [with defendant]," or that the judge at the plea hearing "failed to ensure that [defendant] understood the consequences of the plea."

In addition, the judge found that defendant's attorney spent sufficient time explaining jail credits and gap time credits to defendant. Finally, the judge found that because defendant was sentenced to a concurrent eight-year term instead of the ten-year consecutive sentence he potentially faced at trial, he had not shown that he would not have pled guilty but for counsel's alleged errors. The judge entered an order dated December 1, 2016, denying PCR. This appeal followed.

On appeal, defendant argues that the PCR court improperly denied his PCR petition. Defendant argues that his plea attorney did not properly inform him that gap time credits would not reduce the period of parole ineligibility that the court would impose for his robbery conviction. He contends he did not understand how concurrent sentences and gap time credits work, and that his plea counsel did not explain these issues adequately. Defendant further argues that his attorney did not explain that his plea included a three-year period of parole supervision.

To succeed on his PCR claim of ineffective assistance of counsel, a defendant must meet the test established by Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed.

2d 674, 693 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Under Strickland, the defendant must show that counsel's performance was deficient and, if it was, that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

Where, as here, the defendant claims he was denied the effective assistance of counsel with regard to a guilty plea, the defendant must establish that counsel's performance was not "within the range of competence demanded of attorneys in criminal cases." State v. DiFrisco, 137 N.J. 434, 457 (1994) (quoting Tollett v. Henderson, 411 U.S. 258, 266, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235, 243 (1973)). The defendant also must show "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." Id. at 457 (quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203, 210 (1985)).

The record supports the PCR's court's determination that defendant failed to establish he was denied the effective assistance of counsel with regard to his plea. As the judge explained, the plea forms that defendant executed show that he was aware he would have to serve at least eighty-five percent of his

eight-year prison sentence and that he would be subject to a mandatory three-year period of parole supervision after he completed serving that sentence.

Moreover, at the plea hearing, defendant told the judge he understood his sentence would be "[e]ight with eighty-five," and he did not disagree when his attorney stated that she had told him that he was not eligible for jail credits for days served on his prior sentence. There is no evidence that defendant's attorney failed to adequately explain the plea and its consequences to defendant.

Furthermore, defendant has not shown the result of the proceeding would have been different if he had refused to enter the plea. As the PCR judge noted in her opinion, defendant was facing a second-degree robbery charge, which carried a maximum sentence of ten years. That sentence could have run consecutively with the sentence defendant was then serving.

Defendant only offered his bare assertion that he would not have pled guilty if he had known that he would not get jail credits for the time he was serving on the other offense, or that he would have had a three-year period of parole supervision after serving the sentence on the robbery charge. The PCR judge noted that defendant's claim was refuted by the plea form for NERA cases.

A-2380-16T3

Moreover, the PCR judge pointed out in her opinion that defendant received a sentence from the court, which was more favorable than the sentence the State had initially agreed to recommend. As noted previously, the State had agreed to recommend a ten-year prison sentence, with a NERA period of parole ineligibility, consecutive to the sentence defendant was then serving. As the judge observed, it was unlikely defendant would have refused to plead guilty in view of the risk that he could be found guilty and sentenced to a ten-year prison term, consecutive to the sentence he was already serving.

We therefore conclude that there is sufficient credible evidence in the record to support the PCR court's findings and its determination that defendant had not shown he was denied the effective assistance of counsel in connection with his guilty plea.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2380-16T3