*Decision will be entered under Rule 50.*

ALLISON L. S. STERN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 93134. Promulgated October 19, 1939.

*Hugh Satterlee, Esq.,* and *I. Herman Sher, Esq.,* for the petitioner.
*Francis S. Gettle, Esq.,* and *Paul J. Ashe, Esq.,* for the respondent.

758

**OPINION.**

Sternhagen: In determining petitioner's income tax for 1935, the Commissioner included in his gross income the $14,048.20 representing income of the trust. His determination was based upon the postulate that the petitioner was the grantor of the trust, and upon that hypothesis it cited *Helvering* v. *Brooks*, 82 Fed. (2d) 173; *Commissioner* v. *Hyde*, 82 Fed. (2d) 174; and *Douglas* v. *Willcuts*, 296 U. S. 1. Since that time the *Brooks* decision has been overruled by the same court in *Leonard* v. *Helvering*, 105 Fed. (2d) 900, which followed *Fitch* v. *Commissioner*, 103 Fed. (2d) 702, and *Commissioner*

v. *Tuttle*, 89 Fed. (2d) 112. In both the *Fitch* and the *Leonard* cases certiorari has been applied for.

But we think it unnecessary to consider the doctrines of those cases. The evidence shows that notwithstanding the language of the trust instrument the petitioner was not the "grantor" and that he transferred nothing in trust. He was but the nominal grantor of a fund which was actually transferred by another in settlement of litigation in which that other was the defendant. This fact appearing in evidence free from doubt, the ground for the Commissioner's determination falls and the holding falls with it.

The nearest that petitioner is brought to participation in this trust is as a possible recipient of its property upon its termination. But the termination can only occur with the election of the attorneys for the two women who were adversaries in the suit. This clearly gave petitioner no use, control, or enjoyment of the corpus or income, and, even if he should be treated as the grantor, his election to revoke or revest would be subject to the control of substantial adverse interests.

The Commissioner's determination was in error in including the $14,048.20 income of the trust in the petitioner's taxable income. Another item of adjustment by the Commissioner is not in dispute.

*Decision will be entered under Rule 50.*