ESTATE OF RICHARD E. TRAISER, JOHN ABBOTT, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91958. Promulgated January 31, 1940.

*Roger W. Hardy, Esq.*, for the petitioner.
*Charles P. Reilly, Esq.*, for the respondent.

OPINION.

SMITH: This proceeding is for the redetermination of a deficiency in income tax of the petitioner for 1935 in the amount of $1,011.72. The petition alleges that the respondent erred in the determination of the deficiency by disallowing the deduction from gross income of a part of the executor's compensation paid by the estate during the taxable year and a part of the distributions made to two beneficiaries, and also in disallowing a portion of the credit claimed for dividends received by the estate.

The facts in this case are presented by (1) respondent's deficiency notice, (2) the pleadings, and (3) a short stipulation of facts. The facts are as follows:

---

John Abbott was during 1935 and continues to be the executor of the will of Richard E. Traiser, who died a resident of Brookline, Massachusetts, December 16, 1934.

On or about March 15, 1936, the petitioner filed with the collector of internal revenue at Boston an income tax return for the estate of Richard E. Traiser for 1935 and paid the tax of $524.71 shown thereby to be due.

During 1935 the estate received gross income as follows:

| | |
|---|---|
| Taxable interest | $2,883.19 |
| Dividends—shares of stock of domestic corporations | 14,904.43 |
| Capital gains | 10,641.55 |
| | 28,429.17 |
| Tax-exempt interest | 18,377.02 |
| | 46,806.19 |

In the return filed there was excluded from the gross income the tax-exempt interest of $18,377.02, and the gross income reported was $28,429.67, whereas it should have been $28,429.17. The net income was determined by deducting from $28,429.67 the following:

| | |
|---|---|
| Local real estate and personal property taxes | $2,956.18 |
| Executor's compensation | 2,594.93 |
| | 5,551.11 |
| Distributions to beneficiaries | 8,600.00 |
| | 14,151.11 |

The net income reported on the return was $14,278.56, whereas it should have been $14,278.06.

In the determination of the deficiency the respondent disallowed the deduction from the taxable income of the estate of $4,982.83 of the distributions to the heirs or legatees, upon the ground that that amount represented a distribution of tax-exempt interest which was computed as being the same percentage of $8,600 as the tax-exempt interest was of the income of the estate available for distribution after the payment of expenses.

The respondent did not treat the capital gains of $10,641.55 as being available for distribution. We think that the respondent erred in holding that the capital gains were not available for distribution. We are dealing here with an estate in process of administration or settlement. So far as anything is shown to the contrary, the gains realized from the sale of capital assets were as much available for distribution to the heirs or legatees as any other income of the estate.

The respondent also disallowed the deduction from the gross income of the estate of $1,102.62 of the executor's compensation. At the hearing of this proceeding the respondent admitted error in such

disallowance in accordance with the opinion of the Board in *John H. Watson, Jr., et al., Trustees*, 35 B. T. A. 706. The correction of this error and of the error of 50 cents in the amount of the dividends received by the estate will change the respondent's determination with respect to the amount of the tax-exempt interest included in the $8,600 distribution which the respondent contends should be disallowed as a deduction from gross income.

The tax-exempt interest was correctly excluded from the gross income of the estate in accordance with section 22 (a) (4) of the Revenue Act of 1934. The gross income of the estate with the exclusion of the tax-exempt interest for 1935 was as follows:

| | |
|---|---|
| Taxable interest | $2, 883. 19 |
| Dividends | 14, 904. 43 |
| Capital gains | 10, 641. 55 |
| | |
| Total | 28, 429. 17 |

The total expenses of the estate in the amount of $5,551.11 are deductible from the taxable income of the estate in accordance with the Board's opinion in *John H. Watson, Jr., et al., Trustees, supra.* The net income of the estate before the deduction of any part of the $8,600 distribution was $22,878.06 ($28,429.17 minus $5,551.11).

The petitioner contends that the $8,600 distribution is deductible in its entirety from the gross taxable income ($28,429.17) the same as the expenses ($5,551.11) and that its taxable net income is $14,278.06. The respondent, on the other hand, contends that all of the income of the estate in excess of the amount used for the payment of expenses was available for the $8,600 distribution and that it must be assumed that the distribution came ratably from the taxable income available for distribution and from the tax-exempt interest, namely, $22,878.06 taxable income and $18,377.02 tax-exempt interest (total $41,255.08); that the tax-exempt interest was 44.54486 percent of the amount available for distribution and, accordingly, that the same percentage of the $8,600 distribution, or $3,830.86, was made from the tax-exempt interest, which amount may not be deducted from the gross taxable income of the estate under section 162 (c) of the Revenue Act of 1934.

Section 162 of the applicable taxing statute provides in material part as follows:

SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that——

\* \* \* \* \* \* \*

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the bene-

ficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

It will be observed that the amount to be allowed as a deduction under section 162 (c) is the amount "which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary." Since the tax-exempt interest distributed to a legatee, heir, or beneficiary is not to be included in the distributee's net income any more than in the income of the estate, we think that it may not be claimed as a deduction from the taxable income of the estate under section 162 (c) of the statute.

There is nothing in the record in this case which tends to show that the distribution to the heirs or legatees of $8,600 was made exclusively from taxable income of the estate. We think that the respondent is correct in his contention that the amount of the tax-exempt interest included in the $8,600 distribution may not be claimed as a deduction from the taxable income of the estate. It is necessary to determine the amount of the tax-exempt interest included in the $8,600 distribution. The respondent contends that the tax-exempt interest included in the $8,600 distribution is the same percentage of the $8,600 as the tax-exempt interest ($18,377.02) bears to the gross income of the estate available for distribution ($41,255.08). A comparable method of proration of earnings has been approved by this Board and the courts in many cases. Cf. *Edwards* v. *Douglas*, 269 U. S. 204; *Mason* v. *Routzahn*, 275 U. S. 175; *Donahue* v. *United States*, 58 Fed. (2d) 463; *Peter W. Rouss*, 4 B. T. A. 516; *Harry A. Moody*, 9 B. T. A. 631; *Paso Robles Mercantile Co.*, 12 B. T. A. 750; *Norwich Woolen Mills Corporation*, 18 B. T. A. 303; *Acme Manifolding Co.*, 24 B. T. A. 429; *Elsie Samstag*, 26 B. T. A. 957; *Minnie L. Wolf*, 32 B. T. A. 959; *J. Cornelius Rathborne*, 37 B. T. A. 607; affd., 103 Fed. (2d) 301.

In the *Rathborne* case it was held that where the income of a trust was distributable in its entirety to the beneficiary and a part of the income of the trust was from tax-exempt interest the beneficiary was not taxable on the tax-exempt income received, and that the distribution to the beneficiary should be prorated between the taxable income and the nontaxable income.

Since the tax-exempt interest was 44.54486 percent of the total income of the estate available for distribution that percentage of $8,600 must be excluded from the $8,600 distribution in order to obtain the balance which is deductible from the taxable income of the

232

estate. That balance is $4,769.14, which we determine to be the correct amount of the deduction under section 162 (c).

The final question for consideration is the amount of the dividend credit to which the estate is entitled. Section 163 of the Revenue Act of 1934 reads as follows:

SEC. 163. CREDITS AGAINST NET INCOME.

(a) CREDITS OF ESTATE OR TRUST.—For the purpose of the normal tax and the surtax the estate or trust shall be allowed the same personal exemption as is allowed to a single person under section 25 (b) (1), and, if no part of the income of the estate or trust is included in computing the net income of any legatee, heir, or beneficiary, then in addition the same credits against net income for dividends and interest as are allowed by section 25 (a).

(b) CREDITS OF BENEFICIARY.—If any part of the income of an estate or trust is included in computing the net income of any legatee, heir, or beneficiary, such legatee, heir, or beneficiary shall, for the purpose of the normal tax, be allowed as credits against net income, in addition to the credits allowed to him under section 25, his proportionate share of such amounts of dividends and interest specified in section 25 (a) as are, under this Supplement, required to be included in computing his net income. Any remaining portion of such amounts specified in section 25 (a) shall, for the purpose of the normal tax, be allowed as credits to the estate or trust.

The net income of an estate in process of administration or settlement is to be computed in the same manner and on the same basis as that of an individual. Section 25 of the applicable statute provides that there shall be allowed for the purpose of the normal tax, but not for the surtax, the amount received as dividends from domestic corporations. The petitioner contends that it is entitled to a dividend credit of $14,904.43, that being the amount of the dividends which it received from domestic corporations.

The respondent determined that the dividend credit to which the petitioner is entitled is $9,722.46. He arrived at this amount in the following manner:

| | | |
|---|---:|---:|
| Dividend income | | $14,904.93 |
| Interest income | $2,883.19 | |
| Deductions: | | |
| Taxes paid | $2,956.18 | |
| Executor's commissions | 1,492.31 | |
| | 4,448.49 | |
| | | (1,565.30) |
| Net dividend income | | 13,339.63 |

The respondent then determined that of the $8,600 distribution $3,617.17 represented a distribution of taxable dividends as to which the distributees were entitled to a dividend credit. He held that the difference between the net dividend income of $13,339.63 and the dividend credit to which the distributees were entitled ($3,617.17) was an available dividend credit to the estate.

It will be observed that the respondent contends that the portion of the dividends used to pay expenses ($1,565.30) could be availed of neither by the estate nor by the distributees. He relies upon *Elsie Samstag, supra,* in support of this contention.

The facts in the *Samstag* case were that an estate in process of administration or settlement had a total income of $24,086.58, $24,000 of which consisted of dividends from domestic corporations. The expenses of the estate were $4,039.96. The balance of the income was distributed to the heirs or legatees. The amount receivable by them was $20,046.62. The recipients of this amount claimed a dividend credit of $24,000. The Board held that the respondent correctly determined that the amount of the credits to which the distributees were entitled for the purpose of computing normal tax on account of dividends received by them was the amount of the dividends remaining for distribution to them, after the payment of expenses, and actually distributed to them. That opinion does not stand for the proposition that an estate taxable as an individual is not entitled to a dividend credit equal to the amount of the dividends received by the estate. It stands only for the proposition that a distributee is not entitled to a dividend credit of more than the dividends received or taxable to the distributee. An estate in process of administration or settlement is taxable upon the same basis as an individual. It would be a novel proposition to hold that an individual, receiving income from wages, dividends, interest, etc., is not entitled to a dividend credit of the full amount of the dividends received simply because the individual claims a deduction from his gross income of amounts paid for taxes, interest, contributions, etc. In such a case the statute contemplates a dividend credit equal to the full amount of the dividends received. We think that the same rule holds for an estate, such as the petitioner herein. The estate is entitled to the full dividend credit ($14,904.43) reduced only by the amount of the dividends distributed. The distributees are entitled to a dividend credit in the amount of the dividends distributed to them. *Elsie Samstag, supra.*

In the proceeding at bar the estate and the distributees are entitled to dividend credits of $14,904.43, the amount of the dividends received by the estate. If the estate had made no distribution to the heirs or legatees during 1935 the estate would be entitled to a dividend credit of the full amount of $14,904.43. In view of the distribution made the dividend credit of the estate must be reduced by the amount of the dividends included in the $8,600 distribution.

We are of the opinion that in the determination of the amount of the dividends included in the $8,600 the same principle of proration

234

which was applied in the determination of the tax-exempt interest included in the $8,600 distribution should be invoked.

We have found above that $4,769.14 of the taxable income of the estate was included in the $8,600 distribution. The gross taxable income of the estate was $28,429.17, including dividends of $14,904.43. Out of the total taxable income there were paid $5,551.11 expenses, and $4,769.14 was distributed to the heirs or legatees. We think it is logical to assume that both the $5,551.11 expenses and the $4,769.14 distribution of taxable income came ratably from the gross taxable income of $28,429.17, and that the dividend credit to which the estate is entitled should be reduced only by the dividend credit to which the distributees are entitled. The estate's dividend credit should not be reduced by the amount of the dividends assumed to be included in the amount paid for expenses. We think that the respondent erred in so reducing it. The dividend income of $14,904.43 is 52.42654 percent of the gross taxable income of $28,429.17. Accordingly, 52.42654 percent of the $4,769.14 taxable income distributed, or $2,500.29, came from the dividend income of the estate. The distributees are entitled to dividend credits in the aggregate amount of $2,500.29. The estate is entitled to a dividend credit of the difference between $14,904.43, dividends received by it, and $2,500.29 distributed, or $12,404.14.

Reviewed by the Board.

*Decision will be entered under Rule 50.*