Arthur Letts, Jr. v. Commissioner.
Letts v. Commissioner
Docket Nos. 110519, 111016.
United States Tax Court
1944 Tax Ct. Memo LEXIS 283; 3 T.C.M. (CCH) 377; T.C.M. (RIA) 44126; April 20, 1944
*283 Wellman P. Thayer, Esq., 1104 Pacific Mutual Bldg., Los Angeles, Calif., for the petitioner. W. Frank Gibbs, Esq., for the respondent. TURNER Memorandum Opinion TURNER, Judge: The respondent has determined deficiencies in income tax against the petitioner for the years 1939 and 1940 in the amounts of $1,096.34 and $2,141.40, respectively. The principal question is whether the petitioner is taxable on the entire amount of income distributed by a trust created by him to his divorced wife for the maintenance and support of their two minor children, or whether, since a part of the trust income was nontaxable income, an allocable portion of the income so distributed should be excluded as nontaxable income in determining the petitioner's gross income. Other questions are whether petitioner is entitled to a credit of $400 for each of the two children as dependents and whether he is entitled to deduct certain non-trade and non-business expenses under section 23 (a) (2) of the Internal Revenue Code, added by section 121 (a) of the Revenue Act of 1942. [The Facts] The facts have been stipulated and are found as stipulated. On October 22, 1930, the petitioner was granted a divorce. *284 On April 25, 1934, he established a trust for the maintenance and support of his divorced wife and their two minor children, the said trust being created pursuant to a contract between him and his wife made and entered into prior to the divorce in 1930. The two children were still minors during the taxable years 1939 and 1940. For the years 1934 and 1935, as in the years 1939 and 1940 now before us, the trust income was taxable in part and exempt in part. Treating the full amount of taxable income received by the trust in each of the years 1934 and 1935 as having been distributed to petitioner's wife, the respondent proposed to tax to the petition the entire amount of such taxable income, under the doctrine of Douglas v. Willcuts, 296 U.S. 1, 80 L. Ed. 3, 56 S. Ct. 59, and determined deficiencies accordingly. In a proceeding before us, reported in 41 B.T.A. at 1172, we held on the facts that Douglas v. Willcuts was applicable only to so much of the income as was used to satisfy petitioner's obligation to support and maintain his two minor children and that only one-third of the amount distributed was so used. The respondent had made no determination *285 that any part of the exempt income of the trust was taxable to the petitioner, and no issue involving the exempt income or the correctness of the respondent's determination that all of the taxable income had been distributed by the trust was raised or decided. The respondent apparently accepts, and has applied the conclusion reached in the prior proceeding, to the effect that only the income actually distributed and used for the maintenance and support of the two children is taxable to the petitioner and that one-third of the total amounts distributed to petitioner's former wife represented the amount distributed for and applied to the maintenance and support of the children, in that his claim here extends only to one-third of the distributions made in the years 1939 and 1940. The difference between the parties in this proceeding is whether the full one-third of the income distributed to petitioner's former wife is taxable to him, as the respondent contends, or whether the income distributed is to be allocated between taxable income and exempt income in the same proportions that the taxable income and exempt income of the trust bear to total trust income. Strange though it may seem, *286 both parties argue that the disposition of the prior proceeding is res judicata of the issue here and requires the decision for which he contends. We think it clear, however, that the prior proceeding is not res judicata, for, as we have pointed out above, no issue was raised or decided in that proceeding involving the exempt income or the correctness of the respondent's determination that all of the taxable income had been distributed. Turning, then, to the merits of the question presented, we think that it must be decided for the petitioner. It is obvious that there was no earmarking of taxable and nontaxable income and to say that the all of one was distributed and only income of the opposite character was retained would be to resort to fiction and would have no basis in fact. The practical solution, in our opinion, is that proposed by the petitioner. It is fair and equitable, and tends to eliminate administrative difficulties as well as absurd results. The amount of trust income taxable to petitioner will be computed accordingly. See J. Cornelius Rathborne, 37 B.T.A. 607; affd., 103 F.2d 301; and Estate of Richard E. Traiser, 41 B.T.A. 228. *287 With respect to the issue of credits for dependents, the parties have stipulated that the sole source of support for the children was the distributions made by the trust to petitioner's divorced wife. We think it follows that petitioner is entitled to the credits claimed, and we so hold. As to the remaining issue, involving the deductions claimed under section 23 (a) (2) of the Internal Revenue Code, added by section 121 (a) of the Revenue Act of 1942, effect will be given to the stipulation of the parties on recomputation under Rule 50. Decision will be entered under Rule 50.