HERBERT W. HOOVER, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90974.   Promulgated June 28, 1940.

*Albert B. Arbaugh, Esq.*, *Homer E. Black, Esq.*, *Paul E. Shorb, Esq.*, and *M. P. Wormhoudt, Esq.*, for the petitioner.

*Paul A. Sebastian, Esq.*, and *W. W. Kerr, Esq.*, for the respondent.

OPINION.

TYSON: Although respondent contends that sections 166 and 167 of the Revenue Act of 1934 are applicable here, he relies also on the decision of the United States Supreme Court in *Helvering* v. *Clifford*, 309 U. S. 331, which held section 22 (a) of that act to be controlling on the facts there presented.

The question as to whether the 1934 income from the five trusts Nos. 111 to 115, both inclusive, is taxable to petitioner for that year under section 22 (a) of the Revenue Act of 1934 was presented on the motion by petitioner for the enlargement of the record and the stipulation of facts submitted upon the granting of that motion and was so treated by both parties in oral argument and on brief.

On this question the facts show: That the various periods during which the trusts operated, under both the original trust instruments and their extensions and modifications, were short if the trustor was living at the end of each of such periods; that the trustor individually retained the right to control investments: that he individually retained the right to vote the stocks owned by the trust; that he individually retained the right at any time to appoint a trustee in lieu of the one named in the trust instruments and could, by the exercise of the latter right, appoint himself as trustee, thereby acquiring all the powers of the trustee in addition to his retained powers as trustor, thus becoming vested with all such control of the trust corpus as he had had as owner thereof prior to its conveyance in trust; and that there was a reallocation of income within a family group the members of which would be entitled to the property of the trustor should he die intestate. It is also clearly indicated, although not so shown by direct testimony, that petitioner in creating the trusts was not without consciousness of their tax effect, as evidenced by the fact that the various trusts were from their incipience designed to endure for short periods only, provided the trustor was living at the expiration of those periods, and by the further fact

that the trust instruments provided for the payment out of the funds of the respective trusts of any tax which might be assessed against the trustor, petitioner, on the income from the trusts. Cf. *MacQueen Co.* v. *Commissioner*, 67 Fed. (2d) 857; *Raoul H. Fleischmann*, 40 B. T. A. 672, 686.

We are of the opinion, and so find, that the facts of record establish that petitioner continued to be the owner of the corpus of the five trusts Nos. 111 to 115, inclusive, for the purposes of section 22 (a) of the Revenue Act of 1934, and that he is taxable on the income therefrom, under the broad provisions of that section, with the exception of the income from certain portions of the corpora of two of the trusts withdrawn in the taxable year by Polly L. Hoover and Jane S. Hoover, as is hereinafter set out. Cf. *Helvering* v. *Clifford, Jr., supra; City National Bank & Trust Co.* v. *United States,* 109 Fed. (2d) 191; *Penn* v. *Commissioner,* 109 Fed. (2d) 954; *First National Bank of Chicago* v. *Commissioner,* 110 Fed. (2d) 448; *Cox* v. *Commissioner,* 110 Fed. (2d) 934; *Helvering* v. *Hormel,* 111 Fed. (2d) 1; and *Morton Stein,* 41 B. T. A. 994.

Having held that petitioner is taxable on the income from the five trusts Nos. 111 to 115, inclusive, under section 22 (a), *supra,* it becomes unnecessary to consider whether or not he is taxable on such income under sections 166 and 167, *supra.*

Under the terms of trust instruments Nos. 113 and 114, for the benefit of Polly L. Hoover and Jane S. Hoover, they each had the irrevocable right prior to January 1, 1938, to, at various times, withdraw certain fractional parts of the corpus of those trusts, contingent upon their attainment of certain ages and upon the approval of trustor's wife or one of his two brothers. They had no fixed rights to so make any withdrawals after that date, since if the petitioner was then living the trust would terminate and the corpus would revert to him. While similar rights to withdrawals, at certain ages, were also given James C. Hoover and Herbert W. Hoover, Jr., in the respective trusts of which they were the beneficiaries, such rights could not have been exercised by either of them prior to January 1, 1938, because neither would have attained the ages requisite to the exercise of such rights prior to that date. They, consequently, did not have such rights to make withdrawals of corpus prior to January 1, 1938, as did Polly L. Hoover and Jane S. Hoover.

Under the terms of trust instrument No. 113, as stated in the paragraph next preceding, Polly L. Hoover, as the beneficiary thereof, withdrew on July 12, 1933, one-fourth of the corpus of that trust and on December 31, 1934, she withdrew one-third of the then remaining corpus. Similarly, Jane S. Hoover, as beneficiary of trust

No. 114, withdrew on December 31, 1934, one-fourth of the corpus of that trust and on April 16, 1937, she withdrew one-third of the then remaining corpus.

It is assumed, in the absence of any proof to the contrary, that no part of the income on the one-fourth of the corpus withdrawn by Polly L. Hoover on July 12, 1933, was included by respondent in his computation of the deficiency herein. We are however of the opinion, and so find, that the income attributable to those portions of the corpus in their respective trusts which were withdrawn by the two daughters in December 1934 is not taxable to petitioner, because, under the terms of the trust instruments providing for such withdrawals, petitioner throughout the taxable year 1934 had no control over such portions of the trust, since prior to January 1, 1934, the two daughters had attained the requisite ages entitling them to withdraw such portions, as they did, with the approval of their mother, the trustor's wife. Accordingly, we hold that one-third of the income of trust No. 113 for the benefit of Polly L. Hoover and one-fourth of the income of trust No. 114 for the benefit of Jane S. Hoover, for the year 1934 are not taxable to the petitioner.

No issue has been raised herein as to whether petitioner is liable for any tax on the 1934 income from "income trusts" Nos. 1013 and 1014 for the benefit of Polly L. and Jane S. Hoover.

With reference to "income trusts" Nos. 1012 and 1015, for the benefit of H. W. Hoover, Jr., and James C. Hoover, minors, the facts show that they received as "principal" the 1934 distributions of income from the main trusts Nos. 112 and 115, and we have hereinabove held that income to be taxable to petitioner. The facts do not disclose that "income trusts" Nos. 1012 and 1015 had any taxable income "arising from the assets constituting the corpus of the Income Trust" other than the amounts of $1,253.37 and $1,299.13, respectively, which were actually expended for the maintenance and education of the two minor beneficiaries pursuant to the terms of those trusts. Having been so expended in discharge of a legal obligation of petitioner, it is clear that those stated amounts are taxable to petitioner for 1934 under the principle announced in *Douglas* v. *Willcuts*, 296 U. S. 1; *Commissioner* v. *Grosvenor*, 85 Fed. (2d) 2; *Martin F. Tiernan, Trustee*, 37 B. T. A. 1048; petition for review dismissed June 12, 1939; *E. E. Black*, 36 B. T. A. 346; *Alfred C. Berolzheimer*, 40 B. T. A. 645; and *Percy M. Chandler*, 41 B. T. A. 165. This conclusion renders it unnecessary to consider whether the income of the four "income trusts" Nos. 1012 to 1015, inclusive, would be taxable to petitioner under the provisions of section 22 (a), *supra*.

Reviewed by the Board.

*Decision will be entered under Rule 50.*