SEYMOUR H. KNOX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 107622. Promulgated February 11, 1943.

*Ralph M. Andrews, Esq.*, and *John L. Kenefick, Esq.*, for the petitioner.

*Z. N. Diamond, Esq.*, for the respondent.

OPINION.

STERNHAGEN, *Judge:* The question is whether the income from the trust created by the petitioner for the maintenance, support, and welfare of his minor children is within his gross income. Since the trial, the Supreme Court has decided *Helvering* v. *Stuart*, 317 U. S. 154, and supplemental briefs have been filed giving consideration to that opinion.

We can see no essential distinction between this case and that of *R. Douglas Stuart, supra.* The beneficiaries were the minor children of the settlor and the purpose of the trust was to provide for their maintenance and support. Although no part of the trust income was acually used for the maintenance and support of the children, the possibility of such use "is sufficient to bring the entire income of these trusts for minors within the rule of attribution laid down in *Douglas* v. *Willcuts*." The trustee had an untrammeled discretion in the use of the income for the benefit of the children, and would have violated no provision of the trust if he had seen fit to use it for their support and thus, *pro tanto*, to relieve the petitioner of the burden of his parental duty.

The petitioner argues that, since the Supreme Court in the *Stuart* opinion held that the law of Illinois was controlling, it is important that under the law of New York, by which this trust is governed, the trust is in the class in which the income is to be "paid over" to the beneficiary or his guardian and not in the class in which the income is to be "used and applied" directly by the trustee for the beneficiary. In the *John Stuart* case, No. 48, involving adult children, Illinois law was considered in respect of the right of the settlor to direct the transfer of the corpus to him. The rule of the *R. Douglas Stuart* case relating to the support of minor children was not predicated upon Illinois law. The duty of the trustee of the Knox trust is to "pay over the net income to or for the benefit of the Grantor's children." In the interest of the beneficiary, the trustee may pay over some or all of the net income to someone other than the guardian; and, if he were to do so in providing for the maintenance, support, or welfare of the beneficiary, the father would be relieved of the burden of such expenditure. It may be, as petitioner contends, that the trustee is not required to contribute to the children's maintenance or support; but by the express terms of the trust, he is permitted to do so; and that is the important fact under the statute. Section 167 (a) (2), Revenue Act of 1936,[1] attributes the income of the trust to the settlor for tax

---

[1] SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

   (a) Where any part of the income of a trust—

  \*          \*          \*          \*          \*          \*

   (2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; \*  \*  \*

purposes not only when it is in fact distributed to the settlor but also when it may be so distributed, either directly or indirectly, by applying it for his use. *R. Douglas Stuart*, No. 49, *supra; Douglas* v. *Willcuts*, 296 U. S. 1. By the terms of the instrument, the income may, in the discretion of the grantor or of a person who has no substantial adverse interest in the disposition of the income, be distributed constructively to the grantor; and it is, therefore, to be included in computing his net income.

Although this proceeding was presented originally upon other grounds, we feel bound to decide it upon the reasoning of the most recent decision of the Supreme Court. We, therefore, do not discuss the correctness of the Commissioner's determination upon the stated application of sections 167 and 22.

*Decision will be entered for the respondent.*