G. C. Hamilton v. Commissioner. Elizabeth R. Hamilton v. Commissioner.
G. Hamilton v. Commissioner
Docket Nos. 6819 and 6820.
United States Tax Court
1946 Tax Ct. Memo LEXIS 133; 5 T.C.M. (CCH) 645; T.C.M. (RIA) 46178; July 23, 1946
*133 Theodore H. Roche, Esq., Mills Tower, San Francisco, Calif., for the petitioners. W. J. McFarland, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $45.91 against each petitioner for 1941. The only issue is whether the Commissioner erred in including in the income of each petitioner one-half of the income of a trust which they established for their daughter, Helen. The facts have been stipulated. [The Facts] The petitioners are husband and wife. They reside in California. They filed separate returns for 1941 with the collector of internal revenue for the first district of California. Their daughter, Helen, was born in 1905. She had a complete nervous breakdown in 1937 and, after treatment, was pronounced incurable in October 1941. The petitioners transferred her, on October 23, 1941, to an institution where she remained as a patient. She has been mentally incompetent and without independent means of support since 1937. The petitioners have provided for her care and maintenance. The petitioners jointly created a trust on October 8, 1941 and each conveyed 300 shares of stock to it. It is irrevocable. *134 Third parties were named trustees. The trust was for the term of Helen's life. Such part of the income was to be used for the care and maintenance of Helen as the trustees should deem necessary and proper. Excess income was to be accumulated and, if not used for Helen's benefit, was to go to the petitioners' grandchildren. Corpus could be used, if necessary, for Helen's benefit after the death of the petitioners. Corpus was to go to the grandchildren upon the death of Helen. The petitioners could not recapture the corpus or income. The entire net income of the trust was and has been expended by the trustees for Helen's benefit. The net income from October 8, 1941 to December 31, 1941 amounted to $286.75 and was insufficient to provide in full for the support, care, and maintenance of Helen. The additional funds necessary for that purpose were supplied by the petitioners. The net income from the trust has never been sufficient to provide in full for the support, care, and maintenance of Helen and at all times the petitioners have supplied the additional funds necessary for that purpose. The Commissioner added one-half of the income of the trust for 1941 to the reported income *135 of each petitioner. [Opinion] Section 206 of the Civil Code of California has provided as follows at all times material hereto: 206. Reciprocal duties of parents and children in maintaining each other. It is the duty of the father, the mother, and the children of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability. The promise of an adult child to pay for necessaries previously furnished to such parent is binding. The parties are agreed that the income of the trust is taxable to the petitioners under Douglas v. Willcuts, 296 U.S. 1, and other decisions if the petitioners had a continuing liability to support and maintain Helen through 1941. It is conceded that the petitioners were able to maintain Helen at all times material hereto and that section 206 quoted above applies in the case of an adult child. The petitioners make the narrow point that after the establishment of the trust on October 8, 1941, Helen was no longer a "poor person" within the meaning of the California Code and, consequently, the liability of the petitioners to maintain her ceased at that time. We thoroughly disagree with the *136 petitioners on this, the only argument advanced. The trust gave Helen no part of the corpus so long as her parents lived. Only the income could be used for her care and maintenance. The petitioners argue that she was no longer "poor" since she then had some income. The income of the trust was not sufficient for her maintenance either in 1941 or later. She was not absolutely destitute and penniless but she still had insufficient means of support. Consequently, she remained a "poor person who is unable to maintain himself by work" through 1941 and thereafter. The obligation of the petitioners under section 206 of the California Civil Code never ceased. That statutory provision would fall far short of its obvious purpose if the liability thereunder could be terminated by the creation of a trust having income insufficient to support the adult child. The parents could place $100 in an income trust for the child and be free of all further liability. No authorities have been cited to show that the law is to be so construed. The child need not be penniless to be "poor" within the meaning of the statute. It seems obvious that the legal liability of these petitioners to maintain their mentally *137 incompetent adult daughter continued after the creation of this trust and that the income of the trust is taxable to them under Douglas v. Willcuts, supra, since it discharged in part that continuing obligation of theirs. Decisions will be entered for the respondent.