**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4066-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DAMEAN BATES,

    Defendant-Appellant.

_____

        Submitted August 8, 2017 — Decided August 16, 2017

        Before Judges Sabatino and Whipple.

        On appeal from Superior Court of New Jersey,
        Law Division, Hudson County, Indictment Nos.
        11-05-0832, 11-12-2154 and 13-06-1211 and
        Accusation No. 12-06-0370.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Joseph Anthony Manzo,
        Designated Counsel, on the brief).

        Esther Suarez, Hudson County Prosecutor,
        attorney for respondent (Roseanne Sessa,
        Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from an April 7, 2016 order recalculating jail credits pursuant to defendant's post-conviction relief (PCR) petition. We affirm.

We discern the following relevant facts from the record. Defendant was charged under three separate Hudson County criminal indictments, as well as an accusation, with numerous criminal charges, including but not limited to burglary, eluding, weapons offenses, various drug offenses, and endangering the welfare of a child. On June 12, 2012, defendant pled guilty to eluding, N.J.S.A. 2C:29-2(b), two counts of certain person not to have weapons, N.J.S.A. 2C:39-7, obstructing the administration of law, N.J.S.A. 2C:29-1, and possession with intent to distribute controlled dangerous substances (CDS) in a school zone, N.J.S.A. 2C:35-7. On August 5, 2013, defendant also pled guilty to burglary, N.J.S.A. 2C:18-2.

On August 24, 2012, defendant received a concurrent sentence of seven years for eluding and nine years with a five-year period of parole ineligibility under certain person not to have weapons. He received jail credit for seventy-eight days. Defendant received an eighteen-month concurrent sentence for obstructing the administration of the law. He received jail credit of sixty-eight days. Defendant was sentenced to a concurrent nine years with a five-year period of parole ineligibility for the second certain

person charge and eight years for distribution of CDS in a school zone. He received jail credit of thirty-nine days.

On October 10, 2013, defendant was sentenced to five years with an eighty-five percent term of parole ineligibility, subject to the No Early Release Act, <u>N.J.S.A.</u> 2C:43-7.2 to -9, and three years of parole supervision. He received no jail credit but received 412 days of gap-time credit.

On September 11, 2015, defendant filed a pro se PCR petition. In his petition, defendant asserted his sentence was illegal because the sentencing judge erroneously applied gap-time credits instead of jail-time credits and asked the court to convert the 412 days awarded as gap-time credits into jail credits. On April 7, 2016, the PCR judge entered an order granting the relief requested and amending the judgments of conviction on the three indictments as follows: 185 days jail credit on indictment 11-05-0832 for periods from 1/24/11—3/4/11, 8/9/11-10/15/11, and 6/8/12—8/23/12; 145 days jail credit on indictment 11-12-2154 for periods from 8/9/11—10/15/11 and 6/8/12—8/23/12, and 77 days jail credit and 412 days of gap-time credit on indictment 13-06-1211 for periods from 6/8/12-8/23/12 and 8/24/12-10/9/13. The judge did not amend accusation number 12-06-0370. This appeal followed.

On appeal, defendant raises the following arguments:

POINT I.

BECAUSE COUNSEL DID NOT CORRECTLY EXPLAIN TO
HIS CLIENT THE DIFFERENCE BETWEEN JAIL CREDIT
AND GAP-TIME CREDIT AND THE EFFECT EACH WOULD
HAVE ON THE SENTENCE TO BE SERVED, PERFORMANCE
OF TRIAL COUNSEL WAS INEFFECTIVE.

POINT II.

BECAUSE DEFENDANT MADE A PRIMA FACIE SHOWING
OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL,
THE COURT MISAPPLIED ITS DISCRETION IN DENYING
[PCR] WITHOUT CONDUCTING A FULL EVIDENTIARY
HEARING.

We note at the outset, defendant concedes the PCR judge correctly adjusted each judgment of conviction to reflect correct jail credit. Defendant asserts he was entitled to an evidentiary hearing on whether his counsel was ineffective. We disagree.

A court reviewing a PCR petition based on claims of ineffective assistance of counsel should grant an evidentiary hearing if a defendant establishes a prima facie showing in support of the relief requested. State v. Preciose, 129 N.J. 451, 462 (1992). In order to establish a prima facie case of ineffective assistance of counsel, a defendant must demonstrate the "reasonable likelihood" his claim will succeed on the merits. Id. at 463.

To prevail on a claim of ineffective assistance of counsel, defendant must meet a two-prong test. Ibid. (citing Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed.

2d 674, 698 (1984); State v. Fritz, 105 N.J. 42, 58 (l987)). Defendant must first prove counsel's performance was deficient, and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution. Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693; State v. Fritz, 105 N.J. 42, 52 (l987). The second prong requires defendant to show the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698; see also Fritz, supra, 105 N.J. at 52-53. "In the specific context of showing prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial.'" State v. Gaitain, 209 N.J. 339, 351 (2012) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)); see also Lee v. United States, 582 U.S. __, __ S. Ct. __, __ L. Ed. 2d __ (2017).

Defendant's petition does not assert a claim for ineffective assistance of counsel. Defendant argues his trial counsel did not correctly or clearly explain the differences between gap-time

credit and jail credit and the critical effect each would have on the actual sentence to be served. However, defendant did not raise this argument in his petition. Moreover, the PCR judge specifically noted defendant did not raise the argument his attorney's misinformation caused him to plead guilty.

Even if defendant had raised this issue in his petition, defendant has failed to present a prima facie claim of ineffective assistance. Defendant has not presented evidence counsel was deficient or that he would have proceeded to trial if counsel had not been deficient. Defendant does not present evidence to support his claim that plea counsel failed to explain the differences between gap-time and jail credit to him, and defendant merely argues "the effect of this error that [defendant] now has to serve a longer time in prison before he is eligible for parole," which is not sufficient to satisfy the Strickland/Fritz standard. Therefore, defendant has failed to present a prima face claim of ineffective assistance of counsel, and the trial court was not required to conduct an evidentiary hearing on this matter.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4066-15T1