**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3584-14T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RICHARD GREEN,

    Defendant-Appellant.

_____

Submitted November 29, 2016 — Decided  March 17, 2017

Before Judges Fisher and Ostrer.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 06-01-0228.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Grace H. Park, Acting Union County Prosecutor, attorney for respondent (Leonard Victor Jones, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Richard Green appeals from the Law Division's order denying, without an evidentiary hearing, his petition for post-

conviction relief (PCR). Defendant was convicted, after a jury trial, of felony murder, N.J.S.A. 2C:11-3(a)(3), second-degree armed robbery, N.J.S.A. 2C:15-1(a)(1), second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a), and third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b). We affirmed, except to remand to correct the judgment of conviction, and the Supreme Court denied certification. State v. Green, No. A-0680-09 (App. Div. June 27, 2012), certif. denied, 213 N.J. 568 (2013).

We reviewed the facts in our prior opinion. State v. Green, supra, slip op. at 2-5. Suffice it to say here that defendant and his friend Tony Keets set out to rob Manuel Perez at gunpoint. Defendant stated in a Mirandized statement the State offered at trial that Keets accidentally shot Perez after defendant struck Perez in the back of the head and propelled him into Keets. Several witnesses testified they saw or heard defendant or Keets before or after the shooting. Defendant did not testify or call any witnesses. His attorney argued that the police coerced his confession and that defendant did not rob Perez because he was merely collecting money owed to him.

In his amended PCR petition, defendant raised four grounds for relief:

Point I: Trial Counsel Failed To Adequately Confer With Petitioner About Defense Strategy; As a Result, Exculpatory Testimony Was Not Produced And State Witnesses Were Not Properly Cross-Examined.

Point II: Trial Counsel Failed To Effectively Present Petitioner's Defense, Which Was That He Did Not Confess To Aiding And Abetting A Robbery, That The Statement Was Actually An Agreement For Petitioner's Cooperation In The Murder Investigation, And That There Was No Proof Of A Robbery To Support A Felony Murder Charge.

Point III: Charging Petitioner As An Accomplice To A Principal (Keets) In A Felony Murder Who Was Never Charged Was Grossly Unfair And Denied Petitioner Equal Protection Of The Law.

Point IV: Mr. Green Has Demonstrated By A Preponderance Of The Evidence His Right To A Vacation Of The Guilty Verdict And Sentence; At A Minimum, He Has Made A Case For An Evidentiary Hearing To Resolve The Issues Of Ineffective Assistance Of Counsel And Denial Of Due Process Of Law.

In a pro se submission, which is not included in the record before us, defendant apparently added that trial counsel failed to call a specific witness, Joanna Soler, with allegedly helpful testimony. He also argued that the State's theory of the case was not supported by the crime scene; instead it relied on defendant's own statement, which he contended was untrue.

Judge Stuart Peim, who presided over the trial, denied defendant's petition in a thorough written opinion. The trial

court applied the well-settled two-prong test for determining ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 2064-65, 2068, 80 L. Ed. 2d 674, 693-94, 698 (1984); State v. Fritz, 105 N.J. 42, 57-58 (1987).

The judge focused on specific arguments defendant apparently made in his pro se submissions as well as those made in his counseled brief. Judge Peim noted that Soler had given conflicting statements to police, she was unavailable to testify at trial, and defendant failed to set forth what Soler's testimony would have been. Thus, defendant did not establish that counsel was ineffective because counsel failed to call her. The court also rejected defendant's contention that trial counsel was ineffective by failing to follow suggestions for cross-examining a detective who took defendant's statement. The court concluded, contrary to defendant's assertion, that defense counsel aggressively and thoroughly cross-examined the detective based on alleged inconsistencies between his grand jury and trial testimony. The court further noted that defendant failed to specify any other inconsistency that would have changed the case's outcome if it had been probed.

On appeal, defendant has pared down his previous arguments to a single issue:

THIS MATTER MUST BE REMANDED FOR AN
EVIDENTIARY HEARING BECAUSE DEFENDANT
ESTABLISHED A <u>PRIMA</u> <u>FACIE</u> CLAIM OF TRIAL
COUNSEL'S INEFFECTIVENESS FOR FAILING TO
CONSULT ADEQUATELY WITH HIM.

Defendant contends the PCR court focused unduly on the decision not to call Soler and trial counsel's cross-examination of the detective. He argues the PCR misconstrued the thrust of defendant's claim, which was that defense counsel failed to confer adequately with him regarding what he contends was a complex case.

Defendant's argument lacks merit. As the trial court did not conduct an evidentiary hearing, "we may exercise de novo review over the factual inferences the trial court has drawn from the documentary record." <u>State v. O'Donnell</u>, 435 <u>N.J. Super.</u> 351, 373 (App. Div. 2014) (citing <u>State v. Harris</u>, 181 <u>N.J.</u> 391, 420-21 (2004), <u>cert. denied</u>, 545 <u>U.S.</u> 1145, 125 <u>S. Ct.</u> 2973, 162 <u>L. Ed.</u> 2d 898 (2005)). We also review issues of law de novo. <u>Harris</u>, <u>supra</u>, 181 <u>N.J.</u> at 419.

We recognize that adequate preparation is the hallmark of effective counsel. "[C]ounsel has a duty to make 'reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.' A failure to do so will render the lawyer's performance deficient." <u>State v. Savage</u>, 120 <u>N.J.</u> 594, 618 (1990) (internal citation omitted) (quoting <u>Strickland</u>, <u>supra</u>, 466 <u>U.S.</u> at 691, 104 <u>S. Ct.</u> at 2066, 80 <u>L. Ed.</u>

2d at 695). However, "a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999). "[W]hen a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid. A court need not hold a hearing if "the defendant's allegations are too vague, conclusory, or speculative to warrant" one. State v. Marshall, 148 N.J. 89, 158, cert. denied, 522 U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88 (1997); see also R. 3:22-10(e)(2).

Defendant has provided no competent evidence of how many times he met with his trial counsel, what they talked about, or what trial counsel would have done had he conferred more frequently or at greater length. In short, defendant offers only a bald assertion of ineffectiveness.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3584-14T2