**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5153-14T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAMON ALATORRE,

    Defendant-Appellant.

_____

        Argued October 19, 2016 — Decided October 25, 2017

        Before Judges Fuentes, Simonelli and Carroll.

        On appeal from Superior Court of New Jersey,
        Law Division, Hudson County, Indictment No.
        10-10-1812.

        Michael Noriega argued the cause for appellant
        (Bramnick, Rodriguez, Grabas, Arnold & Mangan,
        LLC, attorneys; Mr. Noriega, of counsel and
        on the brief).

        Erin M. Campbell, Assistant Prosecutor, argued
        the cause for respondent (Esther Suarez,
        Hudson County Prosecutor, attorney; Ms.
        Campbell, on the brief).

    The opinion of the court was delivered by

FUENTES, P.J.A.D.

Defendant Ramon Alatorre appeals from the order of the Criminal Part denying his post-conviction relief (PCR) petition. We affirm.

In October 2010, a Hudson County grand jury returned Indictment No. 10-10-1812 against defendant charging him with two counts of second degree aggravated assault by attempting to cause or purposely or knowingly cause serious bodily injury to the victim, N.J.S.A. 2C:12-1(b)(1); N.J.S.A. 2C:11-1(b), and two counts of third degree aggravated assault by attempting to cause or causing significant bodily injury to the victim, N.J.S.A. 2C:12-1(b)(7); N.J.S.A. 2C:11-1(d). On January 11, 2011, the Hudson County Prosecutor rejected defendant's application for admission into the Pretrial Intervention Program (PTI) based on the factors listed in N.J.S.A. 2C:43-12(e) and Rule 3:28, including that he entered "the United States in 2001 and provided no documentation of his status in this country."

On February 3, 2011, defendant entered into a negotiated agreement with the State through which he agreed to plead guilty to one count of third degree aggravated assault under N.J.S.A. 2C:12-1(b)(7). In exchange, the State agreed to recommend that the court sentence defendant to a term of imprisonment not to exceed three years. Defendant was free to argue that the court

impose a non-custodial term of probation. Defendant was represented by private counsel at the time.

At his request, the court provided defendant with a certified Spanish language interpreter at the plea hearing. In response to the judge's question, defendant stated under oath that he was born in 1984, making him twenty-six years old at the time. His educational background included completing one year of college. The judge questioned defendant directly and reviewed with him the constitutional rights he was agreeing to waive as part of the plea agreement. Defendant answered all of the judge's questions responsively. He also specifically stated that he had read and reviewed the plea form with his attorney and had signed the form voluntarily.

The plea form defendant signed included question 17, which asked the following questions:

"<u>Questions 17(a)</u>: Are you a citizen of the United States? [Yes] [No]"

Defendant circled the box indicating "[No]."

"<u>Question 17(b)</u>: Do you understand that if you are not a United States citizen or national, you **may** be deported by virtue of your plea of guilty? [Yes] [No]"

Defendant circled the box indicating "[Yes]."

"<u>Question 17(c)</u>: Do you understand that if your plea of guilty is to a crime considered an "aggravated felony" under Federal law you **will** be subject to deportation/removal? [Yes] [No]"

Defendant circled the box indicating "[Yes]."

"Question 17(d): Do you understand that you have the right to seek legal advice on your immigration status prior to entering a plea of guilty? [Yes] [No]"

Defendant circled the box indicating "[Yes]."

Defendant then provided the following factual basis in support of his guilty plea:

> DEFENSE COUNSEL: Mr. Alatorre, on July 4, 2010, were you in the City of Union City in the County of Hudson?
>
> DEFENDANT: Yes.
>
> DEFENSE COUNSEL: And on that date you were with a Mr. Louis Dominguez (phonetic)?
>
> DEFENDANT: Yes.
>
> DEFENSE COUNSEL: And on that date did Mr. Louis Dominguez strike you?
>
> DEFENDANT: Yes.
>
> DEFENSE COUNSEL: Okay, now after Mr. Dominguez stroke [sic] you first, did you hit Mr. Dominguez?
>
> DEFENDANT: Yes.
>
> . . . .
>
> DEFENSE COUNSEL: I have no further questions.
>
> . . . .
>
> PROSECUTOR: Judge . . . my only question is based on that factual basis is counsel waiving any claim of self[-]defense?

DEFENSE COUNSEL: We . . . are waiving [any] claim of self[-]defense, Judge. Just at the time of sentencing[.] [W]e will . . . be arguing that . . . is a mitigating factor as to how this altercation started, Judge.

THE COURT: So, the offense is based on the fact that after Mr. Dominguez, the victim, fell to the floor, it was after that that Mr. Alatorre continued to strike him?

DEFENSE COUNSEL: Correct, Judge.

THE COURT: Mr. Alatorre, is that in fact what happened, sir?

DEFENDANT: Yes.

On March 25, 2011, defendant appeared before the court for sentencing. Before imposing sentence, the judge made the following statement:

I note for the record that Mr. Alatorre has been in the United States ten years, he is 26 now and apparently during that time there has been no incident that has brought him before a criminal court. So I'm going to find aggravating factor 9. I also find mitigating factors [N.J.S.A. 2C:44-1b] 7 and 10. The mitigating factors outweigh the aggravating factors.

The judge sentenced defendant to a noncustodial term of probation of two years, conditioned upon a substance abuse evaluation, and compliance with any requirements or recommendations made by the evaluator. The judge also required that defendant remain gainfully employed and "provide proof" he was employed "to the Probation Officer."

On December 19, 2014, more than one year after his two-year term of probation had ended, defendant filed a PCR petition alleging ineffective assistance of counsel based on his attorney's failure "to investigate whether this particular charge would be treated as [a] removable offense pursuant to any other immigration laws." Defendant also claimed that his attorney advised him "that because he was pleading to a [t]hird [d]egree offense, and only receiving probation, he would not face deportation consequences." Defendant noted in his petition that his criminal case "arose" one year after the United States Supreme Court's decision in Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). As was the case at the time he pled guilty, defendant filed this PCR petition represented by private counsel, although obviously by a different attorney.

On April 17, 2015, defendant's PCR petition came for oral argument before Judge Lourdes I. Santiago. In the course of her interaction with PCR counsel, Judge Santiago noted that defendant did not allege that he was facing imminent deportation as a consequence of his conviction, or that any kind of immigration enforcement action had begun in connection with his conviction. The PCR petition merely averred that he was "presently removable from the country." Judge Santiago thus emphasized that independent of the criminal conviction, defendant "was inadmissible by . . .

A-5153-14T2

virtue of his existence in the United States." Judge Santiago reserved decision at the conclusion of oral argument. In a letter-opinion dated May 29, 2015, Judge Santiago described at length the procedural history of the case and explained the legal basis for denying defendant's PCR petition. Judge Santiago explained:

> At the time of the plea, the Petitioner was undocumented and hence removable from the United States. Any future rights to legalize his status in the United States would be subject to his meeting admissibility criteria under the [Immigrations and Naturalization Act].
>
> . . . .
>
> By virtue of Question 17(b) on the plea form, and by virtue of the dialogue between [the plea Judge] and the Petitioner, it is without a doubt that Petitioner was advised that his guilty plea may carry immigration consequences. The Petitioner was further advised that he had the right to seek legal advice on his immigration consequences prior to entering the plea.

Applying the standards established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), Judge Santiago concluded defendant did not make out a prima facie case of ineffective assistance of counsel. Consequently, defendant was not entitled to an evidentiary hearing. State v. Preciose, 129

<u>N.J.</u> 451, 462-63 (1992); <u>R.</u> 3:22-10.    Judge Santiago issued an order dated May 29, 2015 memorializing her ruling.

Against this record defendant now appeals raising the following arguments:

POINT I

THE LOWER COURT ERRED IN DENYING DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING WHERE DEFENDANT SET FORTH A PRIMA FACIE CASE THAT COUNSEL PROVIDED INCORRECT ADVICE CONCERNING HIS IMMIGRATION CONSEQUENCES.

POINT II

DEFENDANT'S ATTORNEY WAS CONSITUTIONALLY [SIC] DEFICIENT, WHERE HE PROVIDED ERRONEOUS ADVICE CONCERNING DEFENDANT'S IMMIGRATION CONSEQUENCES AND DEFENDANT WOULD NOT HAVE PLEAD GUILTY BUT FOR SUCH ADVICE.

A. COUNSEL WAS CONSTITUTIONALLY DEFICIENT BY INCORRECTLY ADVISING DEFENDANT ABOUT THE APPLICABILITY OF THE AGGRAVATED FELONY PROVISION.

B. DEFENDANT'S DECISION TO PLEAD GUILTY WOULD HAVE BEEN DIFFERENT BUT FOR TRIAL COUNSEL'S CONSITUTIONAL [SIC] DEFICIENCY.

We reject these arguments and affirm substantially for the reasons expressed by Judge Santiago in her letter-opinion. We add only the following brief comments.  Pursuant to the standards established by the Court in <u>Strickland</u>, a defendant must demonstrate that defense counsel's performance was deficient. <u>Strickland</u>, <u>supra</u>, 466 <u>U.S.</u> at 687, 104 <u>S. Ct.</u> at 2064, 80 <u>L. Ed.</u>

2d at 693. Second, he must show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

In determining a claim of ineffective assistance of counsel in a case in which a defendant pled guilty, "the issue is whether it is ineffective assistance of counsel for counsel to provide misleading, material information that results in an uninformed plea, and whether that occurred here." State v. Nunez-Valdez, 200 N.J. 129, 139-40 (2009). Here, the record is devoid of any indication that defendant would have rejected the terms of the plea agreement if his trial attorney had apprised him that, as an undocumented alien, he was subject to deportation as a consequence of this conviction. Furthermore, as Judge Santiago noted, defendant has not demonstrated any prejudice caused by counsel's alleged deficiencies.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5153-14T2